Eeadb, J.
 

 Judgment passed at Fall Term, 1860, with a stay of execution tor two years. After the expiration of the two years, the plaintiff’s counsel wrote a letter to the clerk not to issue execution until ordered by him. The clerk entered upon his execution docket that no execution was to issue until ordered by the plaintiff’s counsel.
 

 At Fall Term, 1866, after notice to the plaintiff, the defendant moved to strike out said entry upon the execution docket; and also to set aside the execution which had been issued returnable to that term. Plis Honor allowed both motions. We see no error in this.
 

 The entry was a mere memorandum of the clerk’s, and was no part of the record, and improperly encumbered the same. The reason why the plaintiff thought it important to retain it was, that it operated as a continuation of the stay ol execution, and kept the judgment alive, and, therefore, the execution would be regular as having been issued upon a living judgment. But the entry had no such effect. And the judgment became dormant after a year and a day from the expiration of the two years’ stay of execution, i. e., three years and a day from the date of the judgment. The judgment was dormant from and after Fall Term, 1863, but no execution issued until after Spring Term, 1866, and therefore it was issued upon a dormant judgment, and was properly set aside, on motion.
 

 To this view it is objected that the act of February, 1863, chap. 34, provides, that in computations of time, for the purpose of applying any statute limiting any action or suit, or any right or rights, &c., the time elapsed since 20th May,
 
 *189
 
 1861, shall not be counted; and that the act of 1866, chap. 50, is of like import. And that, inasmuch as the plaintiff had the right in February, 1863, the time when the act was-passed, to sue out execution, he had the same right in 1866, notwithstanding the lapse of a year and day, because the act forbade the counting the time which had elapsed. If that construction of the statutes were allowed, the effect would be to revive every judgment in the courts since May, 1860, and to allow execution to issue without,
 
 scire facias,
 
 or action of debt, for the statutes forbid the counting of time during the whole period since May, 1861. It would be not simply to prevent the plaintiffs in all suits from
 
 losing
 
 their rights and remedies by delay, but it would be to give them
 
 new rights
 
 and remedies which they had not before. Instead of only saving rights and remedies for indulgence given for the ease of debtors, it would give to plaintiffs a speedier remedy than they had before. We know that this would be against the policy of the whole legislation between creditor and debtor for the past six years. Mr. Boyden, for the plaintiff, conceded that this construction of the acts would have that general effect, and that it would be in conflict with the whole policy of our legislation. But he sought to distinguish this case from others in this: that the judgment in this case was alive when the act of February 1863 was passed, and that the act did not revive what was dead, but only kept alive what was living, by forbidding time to be counted in the
 
 future.
 
 But the plain language of the act is, that time shall no more be counted in the
 
 past
 
 than in the-
 
 future,
 
 and therefore, one construction must be common in. all cases since May, 1861. And therefore, the construction, which we feel obliged to put upon those statutes is, that they give no new rights and accelerate no remedies, but. only preserve existing ones; and that the application must be uniform to all cases, whether existing at the time of their passage, or before, or since.
 

 
 *190
 
 We find that this construction is in consonance with the ordinance of the Convention, entitled an ordinance to change the jurisdiction of the courts, passed the 23d of June, 1866, section 20, which provides: “ That all acts and parts of acts suspending the operation of the statutes of limitation in the Rev. Code are hereby repealed, except as herein provided: provided, that the time elapsed since 1st September, 1861, barring actions on suits,” &c., “shall not be counted:
 
 and provided
 
 further, that nothing contained in this ordinance or in the acts hereby repealed shall be so construed as to prevent judgment from becoming dormant.” If the execution in this case was issued before the passage of this ordinance, it was issued upon a dormant judgment, according to our construction of the aforesaid acts. And if it was issued after the passage of the ordinance, which we presume was •the fact, then the judgment was dormant by the express words of the ordinance. So that, in any light we can view •the execution, it was irregularly issued, and was properly set aside
 

 Per Curiam. There is no error.