EDMUND JACOBS *vs.* HENRY K., and THOMAS P. BURGWYN.

In a case in which at Fall Term 1863, an entry of "Judgment" was made, which was brought forward to Fall Term 1864; and, no Courts being held in the county during 1865, on the 8th of March, 1866, (out of term time) the notes declared on were handed to the Clerk, who thereupon extended his memorandum above into a formal judgment as of Fall Term 1864: *Held,*

1. That such judgment was not irregular.

2. That the execution which issued thereupon on the 8th of March, 1866, was irregular, as being issued upon a dormant judgment, and therefore might be set aside, on motion by the defendants. (*Davis* v. *Shaver*, Phil. 18; *Shelton* v. *Fels*, *Ib.* 178; *Simpson* v. *Sutton*, *Ib.* 112; *Murphrey* v. *Wood*, 2 Jon. 62, cited and approved.)

MOTION to set aside a judgment and the execution thereupon, allowed by *Buxton, J.,* at Spring Term 1868, of the Superior Court of NORTHAMPTON.

The facts were that the docket of the Court at Fall Term 1863, showed an entry upon the Trial Docket of the word "Judgment." At Fall Term 1864, there was an entry of "Judgment $1,469.40, P. M. $495.43 int., with interest from 31st October, 1864, until paid." The Clerk proved that he brought forward the case from Fall Term 1863, because he did not know what else to do, and that the entry purporting to have been made at Fall Term 1864, was not made then,

13

but on the 8th of March 1866, out of term time.  An execution was thereupon issued which was levied upon real and personal property upon the 8th of May 1866; thereupon writs of *vendi.* were issued on the 6th of June 1867, and again thereafter, returnable to Spring Term 1868.  The sheriff testified that he had that writ in his hands at the time of his selling the property levied upon; but that he sold under *fi. fa's.* on *new debts,* also in his hands at the same time, and did not sell under the *vendi.* because of the orders of the military.

His Honor being of opinion that the entry of " Judgment" at Fall Term, 1863, did not warrant its extension into a judgment after the lapse of another term, set aside both the judgment and execution, as being irregular, and the plaintiff appealed.

*Smith & Yeates,* for the appellant.

*Peebles & Peebles and Rogers & Batchelor, contra.*

RODMAN, J.  This case came up by appeal from the decision of the Judge on a motion to set aside a judgment and execution as irregular.  At Fall Term 1863, of the Superior Court of Law for Northampton county, the action stood for trial, and an entry was made, "Judgment."  The case and this entry were brought forward to Fall Term 1864.  No Courts were held in that county during 1865.  On the 8th March 1866, the plaintiff filed the notes declared on, with the clerk, who thereupon extended his memorandum of " Judgment" into a formal judgment, as of Fall Term 1864.  We think this was not irregular.  The entry of the clerk was a memorandum, which might, as between the plaintiff and the defendant, be put in the shape of a formal judgment at any time.  *Davis* v. *Shaver,* Phil. 18.  The original entry was with the sanction of the Court, and having been brought forward to Fall Term 1864, must be assumed to have had the sanction of the Court at that term.  But when the execution issued on the 8th March 1866, it issued on a dormant judgment, and was therefore irregular: Rev. Code, ch. 31, sec. 109, *Blanchenay* v. *Burt,*

4. A. & E. N. S., 707, (45 E. C. L. R.) *Simpson* v. *Sutton*, Phil. 112. A defendant may set aside an execution irregularly issued. *Shelton* v. *Fels*, Phil. 178.

Or if the defendant has become a bankrupt, his assignee may. *Webber* v. *Hutchins*, 8 M. & W., 319.

This however is subject to the qualification, that the Court will not permit it to be set aside, to the prejudice of third persons, who have acquired rights under it. *Murphrey* v. *Wood*, 2 Jon. 63.

It remains to be seen whether that principle can influence the present case. The *fi. fa.* which issued on the 8th March 1866, tested of Fall Term 1864, was levied by the Sheriff on certain property. A *ven. ex.* issued from Spring Term 1866, and before its return day and while it was in the hands of the Sheriff, he sold the property, not under that execution but under certain *fi. fa's* from the County Court of Northampton, against the defendant H. K. Burgwyn. It does not appear but that these *fi. fa's* were regular. If so the purchaser certainly got a good title to the defendant's estate, and it is not necessary to inquire what might be the result, if it were necessary for him to rely on the present execution. He has not intervened as he might have done, and does not appear to have any concern in the present questions. This is substantially a contest between creditors as to the application of the fund. We do not undertake to say how it might be if the plaintiff's execution had been regularly issued, and the sheriff, having that in his hands and being restrained by military authority from selling under that, had sold under junior executions. We will decide that case when it arises. In this case the plaintiff's execution was irregular, and under the authorities cited, we are bound to set it aside. " *Vigilantibus non dormientibus jura subveniunt.*" The plaintiff was guilty of manifest laches. There is error in the Court below. The Judge set aside both the judgment and execution, whereas he should have set aside the execution only. As far as it sets aside the judgment, his judgment is reversed, as far as it sets

aside the execution it is affirmed. The judgment being partly reversed and partly affirmed—neither party will recover costs in this Court. Let this opinion be certified.

PER CURIAM.                              Judgment accordingly.