J. K. BLANKINSHIP *v.* W. B. McMAHON, and others.

The provision in the Act (Rev. Code, ch. 7, § 16,) requiring an absconding by the defendant to be *within three months* in order to warrant an attachment, is not a Statute of Limitations, and therefore is not within the various Acts recently passed affecting that Statute.

MOTION to dismiss an attachment, made before *Shipp*, J., at Spring Term 1868, of the Superior Court of YANCEY.

His Honor having declined to allow the motion, the defendants appealed.

No statement of facts, except as appears in the opinion, is necessary.

No counsel for the appellants.

*Merrimon, contra.*

RODMAN J.   The attachment in this case was sued out under § 16 of ch. 7, Rev. Code, which says: "If any one shall do an injury to the proper person, or property of another, and shall within three months thereafter abscond beyond the limits of the State, &c., his estate may be attached to answer the damages, &c., provided the attachment be issued within three months after the injury to the same." The attachment omits to state that the defendant either absconded or concealed himself within the three months. It also appears affirmatively that the process was sued out more than three months after the injury; but the concluding proviso of the section is

undoubtedly a statute of limitations, and the time therein given is enlarged by the various Acts of Assembly suspending limitations. The omission of the statement referred to, would make the attachment irregular, unless the clause respecting the absconding of the defendant, in the first part of the section, can be construed as a statute of limitations also. *Webb* v. *Bowler*, 5 Jones, 362. The several acts of Assembly suspending the statutes of limitations will be found referred to in the case of *Hinton* v. *Hinton*, Phil. 410. They are very full and complete for the purposes intended, and we are disposed to give them a liberal construction. Their purpose was not to give new rights to any one, but only to prevent the loss of rights by nonaction, during the time of our troubles. *Neely* v. *Craige*, Phil. 187. In its nature, a statute of limitations supposes the existence of a right, and prescribes a certain time within which it shall be claimed by the party asserting it; and if the right be one which must be asserted by action, it limits the time within which the plaintiff must sue. If all statutes of limitation were repealed, the effect could only be to give the plaintiff a longer time for him to do something, which, before, he was required to do in a certain time. The absconding of the party charged with the injury spoken of in the first part of § 16, ch. 7, Rev. Code, is not an act to be done by the plaintiff, or the party claiming the right, but by the defendant, or the party against whom the right is claimed. Hence a prescription of the time within which it is to be done, cannot be a statute of limitations; the existence of the fact is a condition precedent to the acquisition, by the plaintiff, of a right to the particular remedy given only in case of its existence. As the defendant did not abscond within three months after the injury charged, the plaintiff cannot be said to have lost his rights to this particular remedy, by lapse of time; for he never had the right, and no diligence on his part could have acquired it. The case of the plaintiff is not within the principles of the Acts of Assembly referred to. He has lost no right or remedy by the existence of the war. If he had been injured, as he complains he was, and peace had

existed, and he been free to pursue every remedy given by law, he could not have pursued this one, unless the defendant had absconded within three months after the injury.

If the defendant had absconded after three months had elapsed from the injury, the plaintiff could not have had this remedy: all the remedies that he could then have had, are still open to him. There was error in the refusal to dismiss the attachment for irregularity; the defendant will recover his costs in this Court.

Let this opinion be certified, &c.

PER CURIAM.                    Attachment dismissed.