THE STATE v. JOE PENLEY and JAMES LANCE.

*Courts—Jurisdiction—Statutes—Verdict.*

1. It appearing from the record that a trial for a misdemeanor—the defendants being on bail—was commenced on Saturday of the first week of the Criminal Court of Buncombe County, but the jury did not return a verdict until the following morning; and it further appearing that the Court continued in session the second week, it will be presumed that such condition of the docket existed as authorized the prolongation of the term under the statute creating the Court (Laws 1889, ch. 493, § 15).

2. When such term is continued until the second week, its jurisdiction is not limited to those cases where the defendants are charged with crimes punishable capitally, or by imprisonment in the penitentiary, or are in jail waiting trial, but it may then try any cause within its jurisdiction.

3. A verdict rendered on Sunday is not invalid.

This was an Indictment for Assault and Battery with a deadly weapon, tried before *Moore, J.*, at July Term, 1890, of the Criminal Court of BUNCOMBE County.

The case on appeal is as follows:

The trial was concluded and the case given to the jury at about 6 o'clock on Saturday evening of the first week of said Court.

As the jury was about to retire to consider their verdict, the Court asked the Solicitor and the counsel for the defendants if they would consent for the Clerk to take the verdict, to which they agreed.

The jury returned to the Clerk a verdict of guilty as to both defendants at 7 o'clock on the following Sunday morning, in the absence of the defendants and their counsel.

The defendants were on bail at the time of their trial and until after the rendition of the verdict, having given bail before a Justice of the Peace for their appearance at Court.

On the opening of the Court on Monday morning of the second week of the Court, the defendant's counsel moved the Court to set aside the verdict for the following reasons:

1. Because the verdict was rendered after the expiration of the term of Court.

2. Because the verdict was rendered on Sunday.

The motion was overruled by the Court. Defendants excepted, and there was judgment and appeal.

*The Attorney General,* for the State.

No counsel *contra.*

DAVIS, J.—after stating the facts: Chapter 493 of the Acts of 1889, establishing "The Criminal Court of Buncombe County," provides in section 15 that there shall be four terms of said Criminal Court in each year, specifying the time and place of holding said Court, which shall continue its sessions for the term of one week if the business thereof shall require: "*Provided,* if there be remaining undisposed of at the end of the week cases where defendants are charged with crimes punishable with imprisonment in the penitentiary, or capitally, or, if defendants be in jail waiting trial, its sessions may be continued until such cases are disposed of either by trial or continuance of the Court."

1. It was the duty of the Judge to continue the Court beyond the first week, if, for any of the causes stated in the statute, it was required. The term did not necessarily end with the first week. The Judge was holding Court on Monday of the second week, and the presumption is that he was doing so rightfully, as he might do, as authorized by the statute.

If it be said that the defendant was not charged with a crime punishable with imprisonment in the penitentiary, or capitally, or that he was not in jail awaiting trial, and *only* such cases could be disposed of during the second week, we

think the statute is suscepitble fairly of a broader construction, and if it becomes necessary to hold the Court two weeks, any causes within its jurisdiction may be disposed of during the second, as well as the first week. The Judge was both a *de jure* and a *de facto* officer, holding Court during the second week for the transaction of such business as came within his jurisdiction and the presumption is in favor of the regularity and validity of his acts in a Court actually being held during the second week. *State* v. *Speaks*, 95 N. C., 689.

2. The question presented by the second assignment of error has been settled by this Court adversely to the appellants. *State* v. *Ricketts*, 74 N. C., 187; *State* v. *McGimsey*, 80 N. C., 377; *White* v. *Morris*, at this term.

Affirmed.