S. B. TAYLOR, et al. v. E. K. ERVIN.

*Term of Court— When it Embraces Sunday—Entry of Verdict on Sunday—Judgment Rendered on Sunday Valid.*

1. When a term of court is set by statute to begin on a certain Monday, and to last for " one week," (or two or three weeks, as the case may be,) it embraces the Sunday of each week (unless sooner adjourned,) and the term expires by limitation at midnight of that day ; hence

2. A verdict entered on Sunday of a week set for the duration of a court, in the absence of an earlier adjournment, is legally entered.

3. In special cases, *ex necessitate*, a court may sit on Sunday.

4. There being no inhibition of a verdict rendered on Sunday, either at common law or by statute, a judgment entered on that day (by virtue of the statute, *Code* Sec. 412, that it shall be entered up at once on the verdict) is valid.

CIVIL ACTION, heard on motion in the cause, before *Starbuck, J.*, at Spring Term, 1896, of ONSLOW Superior Court. His Honor found the following facts :

" That this cause was called for trial on Saturday of the Fall Term of Onslow Superior Court, being the last Saturday of the term.

" That the verdict in this cause entered on the Minutes of the Fall Term was returned and received between the hours of 2 a. m. and 3 a. m. on Sunday.

" That the judgment, purporting to be a final judgment, rendered in this cause and appearing on the Minutes of said term, was rendered between the hours of 2 a. m. and 3 a. m. on said Sunday.

" That the said verdict and judgment appear on the Minutes of the said term as having been returned and rendered on Saturday.

" That the defendant did not consent to but objected to the reception of the verdict and rendition of judgment, contending that the term had expired."

After hearing argument of counsel for the plaintiffs and the defendant, the court was of the opinion that the said Fall Term expired on Saturday night at 12 o'clock, prior to the return of the verdict and rendition of the judgment.

It was therefore ordered " that the Minutes of the said Fall Term be amended, *nunc pro tunc*, so as to show the facts, viz .: That the said verdict was returned and the said judgment rendered on the said Sunday, November 10, 1895.

" It is considered and adjudged : That the said verdict and judgment are void, and it is ordered that this cause be placed on the Civil Issue Docket for trial."

The facts so found were not controverted, but were admitted by plaintiffs to be correct.

To the order on such facts the plaintiffs duly excepted and appealed.

*Mr. R. O. Burton*, for plaintiffs (appellants).
No counsel, *contra*.

CLARK, J. : *The Code*, Section 910, and the act substituted for it (Acts 1885, Ch. 180) and the several amendatory statutes, provide for courts to begin on a certain Monday named, and to last for one " *week* " (or two or three weeks, as the case may be). Of course in such cases the term, if for one week, beginning on Monday, embraces the following Sunday, unless the court is sooner adjourned ; if for two weeks, it embraces two Sundays, unless adjourned earlier, as is usual. In the present case the term prescribed for Onslow Superior Court began on the 9th Monday after

the 1st Monday in September, (which was the first Monday in November,) "to continue in session one week___unless the business shall be sooner disposed of." The term legally expired, therefore, at midnight Sunday, unless in point of fact the court had adjourned earlier, and the reception of the verdict on Sunday was legal, as has been repeatedly held. *State* v. *Ricketts,* 74 N. C., 187; *State* v. *McGimsey,* 80 N. C., 377; *State* v. *Howard,* 82 N. C., 623; *White* v. *Morris,* 107 N. C., 92; *State* v. *Penley,* 107 N. C., 808; *Shearman* v. *State,* 1 Texas App., 215; *McKinney* v. *State,* 8 Texas App., 626, 645; *Comm.* v. *Marrow,* 3 Brew., 402; *Reid* v. *State,* 53 Ala., 402. As stated by ASHE, J., in *State* v. *Howard, supra,* "Sunday, according to the usage and practice of our courts, is not a juridical day, but it has been held that in special cases, *ex necessitate,* the court might sit on Sunday. The holding court on the Sabbath is not forbidden by the common-law or any statute in this State, but it has been the long-settled and almost universal practice, when a term continues so long that a Sunday intervenes, to adjourn over until Monday, and 'long practice makes the law of a court,' a law which has its origin and observance in a deference to the settled religious habits and sentiments of a large majority of our citizens, a law whose violation is not excused except in case of necessity." To reduce the cases of necessity, the statute law (now *The Code,* Section 1229) has for long provided that if a trial for felony is in progress the judge may continue the term, and a more recent statute (Act 1893, Ch. 226) has provided that in certain contingencies the judge may continue the court for the conclusion of the trial of a civil action. The term here did not fall within these statutes, and in fact was not continued by the judge, but Sunday was a part of the week belonging to that term; and, as the court justly points out in *State* v. *Ricketts, supra,* the receiving on Sunday of

the verdict of a jury which is confined, or whose fatiguing deliberation, if the verdict is not received before the expiration of the term, might become valueless, " is a work of necessity within the common and the legal meaning of the word, and may be justified on religious and moral grounds." It is certainly better that, when the twelve men who are sequestrated from the world in the consideration of a secular issue have come to a conclusion, the simple announcement of that conclusion should be received and the jurors released than that the term should be continued over another day to their discomfort, when the pronouncement by them of one or two words in criminal cases, or the handing in a paper they have already agreed to and signed in civil cases, would set them free. At any rate, there is no law against extending this humanity to a jury. The verdict being valid, the judge might well have directed thereupon the entry of the word "judg't," which might afterwards be drawn out in full, as was pointed out in *Davis* v. *Shaver*, 61 N. C., 18, and *Jacobs* v. *Burgwyn*, 63 N. C., 193, which are cited and approved in *Ferrell* v. *Hales*, at this Term. But if, in fact, the judge signed the ordinary judgment in ejectment upon the receipt of the verdict, it was not invalid. It has not infrequently happened that the highest judgment known to the law, sentence of death, has been pronounced on Sunday, when the verdict was not rendered till that day. While it seems to be held everywhere that receiving a verdict on Sunday is valid, in some of the States which have changed the common law by Sunday-legislation it has been held that a judgment entered on Sunday is void. *Shearman* v. *State*, and *Reid* v. *State, supra*. Even in States of that class a judgment on Sunday is held valid when the statute, like our *Code*, Section 412, contemplates judgment to be entered up at once on the verdict, unless otherwise directed by the

judge.   1 Freeman on Judgments, Section 138 ; *Thompson*
v. *Church,* 13 Neb., 287;   *Weame* v. *Smith,* 32 Wis., 412.
But even if, under our statutes, a formal judgment, signed
on Sunday, had been invalid, the verdict being valid the
judge should simply have entered judgment *nunc pro tunc.*
*Ferrell* v. *Hales, supra.*   In holding either verdict or judg-
ment void there was error.

Error.   Reversed.