at the time of the loss at Fort Eustis was a member of the insured's family of the same household and his loss was covered by the policy.

We conclude that the facts in this case are sufficient to support the findings and judgment.

Affirmed.

STATE v. JAMES F. CHESTNUTT, BILL COLLINS, ROY WALL, JR.

(Filed 14 January, 1955.)

**1. Indictment and Warrant § 9—**
   Where a statute sets forth disjunctively several means or ways by which the offense may be committed, a warrant thereunder correctly charges them conjunctively.

**2. Indictment and Warrant § 13:  Criminal Law § 56—**
   Motion to quash the warrant and motion in arrest of judgment are properly overruled when no defect appears on the face of the record.

**3. Constitutional Law § 14—**
   Statutes and municipal ordinances regulating the observance of Sunday derive their validity from the police power of the State.

**4. Statutes § 2—**
   The effect of Art. II, sec. 29, of the State Constitution is to proscribe only such local, private, or special acts as relate to the subjects designated in the amendment.

**5. Same:  Constitutional Law § 14—**
   Chapter 177, Session Laws of 1949, bans all motor vehicle races on Sunday in Wake County without regard to the commercial or non-commercial character of the activity, and therefore, it is not an act regulating labor or trade within the meaning of Art. II, sec. 29.   Persons whose activities are commercial in character are in no better position than those who engage in the proscribed activity without reference to profit.

JOHNSON, J., took no part in the consideration or decision of this case.

DEFENDANTS' appeal from *Frizzelle, J.,* 6 September, 1954, Criminal Term, of WAKE.

Each defendant was tried in the Recorder's Court of Wendell upon a separate warrant charging that "on or about the 9th day of May, 1954, (he) did unlawfully, willfully engage in, promote and participate in a motor vehicle race on Sunday, May 9, 1954, in St. Matthews Township, Wake County, North Carolina, in contravention of the 1949 Session Laws, Chapter 177, . . ."; and was found guilty as charged; and, from the judgment pronounced, appealed.

Upon trial *de novo* in the Superior Court of Wake County, on the original warrants, the jury returned verdicts of guilty as charged. Thereupon, judgment as to each defendant, that he pay a fine of $50.00 and costs, was pronounced.

Each defendant excepted to the judgment pronounced against him and appealed, assigning as errors (1) the overruling of his motion to quash the warrant, (2) the denial of his motion for judgment as in case of nonsuit, and (3) the overruling of his motion in arrest of judgment.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., and Gerald F. White, Members of Staff, for the State.*

*Huger S. King for defendants, appellants.*

BOBBITT, J. Each warrant adopts the phraseology of Ch. 177, Session Laws of 1949, which, in defining the conduct declared to constitute a misdemeanor, provides: "SECTION 1. It shall be unlawful for any person, firm, or corporation to engage in, promote, or in anywise participate in any motorcycle or other motor vehicle race or races on Sunday in Wake County, North Carolina."

It is noteworthy that the warrant uses the conjunctive "and" where the statute uses the disjunctive "or." The draftsman of the warrant was well advised. *S. v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381.

The statute does not disclose a purpose to regulate labor or trade. The purpose of the promotion may be recreation, sport or charity; or it may be a business venture, for profit. The participants may be volunteers or compensated, amateurs or professionals. The race may be widely advertised, drawing large crowds; or it may arise upon a sudden challenge and be known and of interest only to the participants. The statute is thus characterized by its caption: "An Act Prohibiting Motorcycle and Motor Vehicle Races on Sunday in Wake County." Since the statute prohibits promotion of and participation in all motor vehicle races on Sunday in Wake County, the undisputed evidence is that the defendants violated the statute as charged in the warrants. Neither the statute nor the warrants refer to "labor," "trade," "business venture," "compensation," or other words suggesting that the commercialization of motor vehicle races as distinguished from the motor vehicle races themselves was what the General Assembly purposed to ban.

The acts charged in the warrants are violations of the statute. The motions to quash the warrants and in arrest of judgment were properly overruled, there being no defect appearing on the face of the pleading, verdict or other part of the record. *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663. Indeed, one discovers the factual basis for the defendants' posi-

tion only by consideration of the evidence; and the assignment of error available to defendants is that addressed to the overruling of defendants' motions for judgment as in case of nonsuit.

It appears from the *evidence* that defendant Chestnutt, through a business corporation, promoted automobile racing in Wake County, arranging for such races, employing participants, selling admission tickets, etc., as a business venture, for profit; and it appears from the *evidence* that defendants Collins and Wall participated in an automobile race held Sunday, May 9, 1954, in Wake County, under the promotion and supervision of defendant Chestnutt, under an arrangement whereby each was paid for his services in so participating.

The sole ground of defendants' appeal is that the statute is violative of Art. II, sec. 29, of the Constitution of North Carolina, which, in pertinent part, provides: "The General Assembly shall not pass any local, private, or special act or resolution . . . regulating labor, trade, mining or manufacturing; . . . Any local, private or special act or resolution passed in violation of the provisions of this section shall be void. The General Assembly shall have the power to pass general laws regulating the matters set out in this section."

The General Assembly, exercising the police power of the State, may legislate for the protection of the public health, safety, morals and general welfare of the people; and Sunday observance statutes and municipal ordinances derive their validity from this sphere of legislative power. *S. v. McGee,* 237 N.C. 633, 75 S.E. 2d 783, and cases cited. And, prior to the effective date of Art. II, sec. 29, N. C. Constitution, statutes imposing prohibitions, restrictions and burdens in certain localities, *not in conflict* with any general criminal statute dealing with the same subject matter, were upheld. See *Taylor v. Racing Asso., ante,* 80, 84 S.E. 2d 390. The modification wrought by Art. II, sec. 29, is that now a local, private or special act, dealing with designated subjects, is void as violative of this section of our organic law.

Thus the appeal focuses attention upon this question: Conceding, *arguendo,* that the statute, directly affecting conduct in a single county, is a local act, *S. v. Dixon,* 215 N.C. 161, 1 S.E. 2d 521, is it an act *regulating labor* or *trade* within the meaning of Art. II, sec. 29? Were the statute directed solely against labor, *e.g.,* compensated employment, or trade, *e.g.,* business ventures, for profit, in relation to the conduct of motor vehicle races on Sunday in Wake County, the question posed would be serious indeed. But where the statute in sweeping terms bans an activity, to wit, all motor vehicle races on Sunday in Wake County, making it a misdemeanor to promote or engage in the proscribed activity, without regard to the commercial or non-commercial character of the activity, the fact that these defendants promote and engage in such activ-

ity for profit and for compensation puts them in no better position than those who promote and engage in such activity without reference to profit or compensation.

Conceding the power of the General Assembly to ban motor vehicle races on Sunday in Wake County, the fact that the defendants cannot engage for profit or compensation (or otherwise) in such prohibited activity does not convert the statute into one regulating labor or trade within the meaning of Art. II, sec. 29. If the statute violates Art. II, sec. 29, it is void; otherwise, it is valid. It cannot be valid and enforceable as to non-commercialized motor vehicle races on Sunday in Wake County and invalid and unenforceable as to such races when conducted on a commercialized basis. We regard the statute as placing a ban upon a specified activity, to wit, motor vehicle races on Sunday in Wake County, rather than as a regulation of labor or trade in which the defendants and others are privileged to engage.

In upholding the constitutionality of Ch. 177, Session Laws of 1949, against the challenge of invalidity based on its alleged violation of Art. II, sec. 29, we are mindful of the rules of construction epitomized by *Stacy, C. J.,* in *S. v. Lueders,* 214 N.C. 558 (561), 200 S.E. 22, in these words: "In considering the constitutionality of a statute, every presumption is to be indulged in favor of its validity."

Without intimation or suggestion that Ch. 177, Session Laws of 1949, is subject to successful attack on other grounds, we note that we have considered it only in relation to the challenge urged by the defendants throughout the proceedings and made the basis of their brief, namely, its alleged violation of Art. II, sec. 29. The challenge on this ground being unsuccessful, the result is that the judgments must be affirmed; and it is so ordered.

Affirmed.

JOHNSON, J., took no part in the consideration or decision of this case.