ORANGE SPEEDWAY, INC. v. ODELL H. CLAYTON, SHERIFF OF ORANGE COUNTY.

(Filed 10 January, 1958.)

**1. Constitutional Law § 4: Injunctions § 4g—**

The threatened enforcement of a statute may be enjoined when necessary to protect constitutional rights of person or property against injuries otherwise irremediable.

**2. Statutes § 2—**

A local act is valid unless prohibited by the Constitution.

**3. Same**

Professional automobile and motorcycle racing is an employment or business engaged in for gain or profit within the meaning of Article II, Section 29, of the State Constitution, and therefore a statute ap-

plicable to one county alone which attempts to regulate professional racing rather than racing in general, is void as a local act regulating labor or trade.

APPEAL by plaintiff from *Williams, J.,* September Term 1957 of ORANGE.

This is a civil action instituted in the Superior Court of Orange County, North Carolina, on 12 September 1957, for the purpose of obtaining a permanent injunction against the defendant to prevent the defendant from interfering with the plaintiff in promoting and conducting automobile races on its race track in Orange County by the enforcement of the provisions of Chapter 588 of the Session Laws of 1957, ratified on 8 May 1957, the pertinent parts of which read as follows:

"Section 1. For the purposes of this Act, the terms 'motorcycle racing' and 'auto racing' are defined as covering any type of competitive racing by motorcycles or by automobiles regardless of the manner in which the racing vehicle is constructed or powered.

"Sec. 2. On and after the effective date of this Act, all persons, firms or corporations promoting, holding, staging, presenting or otherwise being responsible for motorcycle or auto racing events in Orange County shall obtain casualty and liability insurance sufficient to provide the following coverage at each and all racing events:

"(a) Personal accident liability coverage paying up to five thousand dollars ($5,000.00) for injury to any competing driver or rider, owner of a racing car or motorcycle, mechanic or track official participating in the race event, same to cover the cost of hospitalization and medical attention and to give limited, reasonable compensation to the injured person on a weekly basis for time lost from work.

"(b) Personal accident liability coverage sufficient to pay a minimum of five thousand dollars ($5,000.00) for the death of any competing driver or rider, owner of a racing car or motorcycle, mechanic or track official participating in the race event whose death is attributable to his participation in any activity connected with the race event.

"(c) Insurance liability coverage providing a minimum of five thousand dollars ($5,000.00) for property damage sustained by a spectator at the event.

"(d) Death and injury coverage paying up to fifty thousand dollars ($50,000.00) to an individual spectator and a minimum of two hundred thousand dollars ($200,000.00) covering any one accident occurring at the scene of the race and causing injury or death to more than one spectator.

"Sec. 3. Prior to staging, presenting or holding a motorcycle or automobile race, the promoter or person, firm or corporation staging or conducting the race shall file with the Clerk of Superior Court of Orange County a certificate or certificates of insurance showing that the insurance required by this Act has been purchased and will be in effect when the racing events covered will be presented. This insurance coverage must be obtained from a reputable insurer approved by the State Commissioner of Insurance.

"Sec. 4. The privilege to hold or present a motorcycle or automobile race or of practicing therefor, of any type on a Sunday or Sundays or after six P. M. on other days of the week is expressly forbidden.

"Sec. 5. No person under eighteen (18) years of age shall be permitted by the promoter, person, firm or corporation to participate as a competitor in any motorcycle or automobile race.

"Sec. 6. Failure to comply with the provisions of this Act shall constitute a misdemeanor and violators shall be fined not less than fifty dollars ($50.00) or more than two hundred fifty dollars ($250.00) or imprisoned for not more than sixty (60) days for each racing motorcycle or automobile of any type participating in the event in which the violation occurs, and each racing event conducted in violation of any provision of this Act shall be deemed a separate violation."

A temporary restraining order was issued and the case came on for hearing before his Honor Clawson L. Williams, the judge holding the courts of the Fifteenth Judicial District, on 3 October 1957, the time the temporary restraining order had been made returnable. His Honor found the facts from the complaint and the answer and the evidence offered by the parties and held said Act to be constitutional and valid in all respects. Consequently, his Honor dismissed the temporary restraining order and denied the plaintiff's prayer for a permanent injunction against the defendant.

From the judgment entered, the plaintiff appeals, assigning error.

*Robert G. Sanders, J. C. Sedberry, for plaintiff.*
*Graham & Ranson, for defendant.*

DENNY, J. Equity jurisdiction may be exercised to enjoin the threatened enforcement of a statute which contravenes our Constitution wherever it is essential in order to protect property rights and the rights of persons against injuries otherwise irremediable. *McCormick v. Proctor,* 217 N.C. 23, 6 S.E. 2d 870; *Advertising Co. v. Asheville,* 189 N.C. 737, 128 S.E. 149.

See concurring opinions of *Hoke, J.,* in *Turner v. New Bern,* 187 N.C. 541, 122 S.E. 469, and *Stacy, C.J.,* in *McCormick v. Proctor, supra.* See also *Terrace v. Thompson,* 263 U.S. 197, 68 L.Ed. 255; *Truax v. Raich,* 239 U.S. 33, 60 L.Ed. 131.

Among the findings of fact by the court below are these:

"4. That the plaintiff engages in the business of promoting and conducting motor vehicle races, particularly stock car races, on its privately owned race track in Orange County, State of North Carolina.

"6. That said Act, by its terms, is applicable only to Orange County, State of North Carolina.

"7. That in promoting, advertising, and conducting motor vehicle races on its race track in Orange County, the plaintiff, through its officers, servants and employees, engages in much detailed work and labor.

"8. That the servants and employees of the plaintiff are paid their wages for their work and labor from the profits derived from the operation of said race track.

"9. That the officers and stockholders of the plaintiff derive a substantial part of their income from the profits derived from the operation of said race track and the profits so received constitute a portion of the means of livelihood of said officers and stockholders.

"12. That some of the auto racing car drivers who have participated in races on the track of the plaintiff in Orange County, before the passage of said Act, earn (ed) all or a large part of their means of livelihood from their trade or calling of driving automobiles in racing meets.

"13. That the defendant herein has threatened and now threatens to initiate criminal prosecutions against the officers, servants and employees of the plaintiff, and the professional racing car drivers, and all others who participate in promoting, conducting, or engaging in an automobile race on the plaintiff's race course in Orange County.

"14. That the said Act of the General Assembly, under consideration herein, places upon those who would engage in the trade or business of promoting and conducting automobile races in Orange County, burdens, duties and liabilities."

The Act under consideration applies only to Orange County and is a local Act. Even so, it is not unconstitutional merely because it is local unless it is violative of some provision of our Constitution.

In the case of *S. v. Ricketts,* 74 N.C. 187, it is said: "In this State in general every act may lawfully be done on Sunday which may lawfully be done on any other day, unless there may be some act of the Legislature forbidding it to be done on that

day." *White v. Morris,* 107 N.C. 92, 12 S.E. 80; *S. v. Penley,* 107 N.C. 808, 12 S.E. 455; *Taylor v. Ervin,* 119 N.C. 274, 25 S.E. 875; *Rodman v. Robinson,* 134 N.C. 503, 47 S.E. 19, 65 L.R.A. 682, 101 Am. St. Rep. 877.

There is no general statutory law in North Carolina authorizing, forbidding or regulating automobile or motorcycle races, promoted and conducted on privately owned race tracks or courses, and therefore, the common law applies as the only general, statewide law in North Carolina relating to automobile and motorcycle races on privately owned race tracks. G.S. 4-1; *Redding v. Redding,* 235 N.C. 638, 70 S.E. 2d 676; *S. v. Hampton,* 210 N.C. 283, 186 S.E. 251. There is a statewide act with respect to racing on streets and highways in this State, Chapter 1358 of the Session Laws of 1957, now codified as G.S. 20-141.3, but it has no application to the facts in this case.

There is also a local statute in effect in Wake County, North Carolina, Chapter 177 of the Session Laws of 1949, which we upheld in the case of *S. v. Chestnutt,* 241 N.C. 401, 85 S.E. 2d 297. The pertinent part of this local Act is to the effect that, "It shall be unlawful for any person, firm, or corporation to engage in, promote, or in anywise participate in any motorcycle or other motor vehicle race or races on Sunday in Wake County, North Carolina." *Bobbitt, J.,* speaking for the Court, said: "The statute does not disclose a purpose to regulate labor or trade. The purpose of the promotion may be recreation, sport or charity; or it may be a business venture, for profit. The participants may be volunteers or compensated, amateurs or professionals. The race may be widely advertised, drawing large crowds; or it may arise upon a sudden challenge and be known and of interest only to the participants. * * *

"Were the statute directed solely against labor, *e.g.,* compensated labor, or trade, *e.g.,* business ventures, for profit, in relation to the conduct of motor vehicle races on Sunday in Wake County, the question posed would be serious indeed. But where the statute in sweeping terms bans an activity, to wit, all motor vehicle races on Sunday in Wake County, making it a misdemeanor to promote or engage in the proscribed activity, without regard to the commercial or noncommercial character of the activity, the fact that these defendants promote and engage in such activity for profit and for compensation puts them in no better position than those who promote and engage in such activity without reference to profit or compensation."

It would seem to be unreasonable to suppose that any person, firm or corporation would construct and maintain a race track in Orange County and procure the insurance coverage required

by Chapter 588 of the Session Laws of 1957, unless such person, firm or corporation was engaged in the business of racing for profit. In fact, the defendant concedes in its brief that the Act "had for its object the regulation of motorcycle and auto racing in Orange County * * *" A trade within the meaning of our tax laws, as well as within the meaning of Article II, Section 29 of our Constitution, includes any employment or business embarked in for gain or profit. *S. v. Worth,* 116 N.C. 1007, 21 S.E. 204; *S. v. Dixon,* 215 N.C. 161, 1 S.E. 2d 521.

Therefore, it seems clear to us that the Act under consideration on this appeal is not concerned with the act of racing *per se,* as was the case in *S. v. Chestnutt, supra,* but is aimed at the "persons, firms or corporations promoting, holding, staging, presenting or otherwise being responsible" for racing events.

Hence, in our opinion, the purpose of the Act under consideration is the regulation of the trade or business of promoting and conducting motorcycle or motor vehicle races for profit in Orange County, North Carolina, and we so hold. Moreover, we think the facts found by the court below support this conclusion.

Article II, Section 29 of the Constitution of North Carolina, in pertinent part, provides: "The General Assembly shall not pass any local, private or special act or resolution * * * regulating labor, trade, mining, or manufacturing; * * * Any local, private, or special act or resolution passed in violation of the provisions of this section shall be void. The General Assembly shall have the power to pass general laws regulating matters set out in this section."

In view of the conclusions we have reached, we hold the statute challenged on this appeal is in conflict with Article II, Section 29 of the Constitution of North Carolina and is, therefore, null and void. *Taylor v. Racing Ass'n.,* 241 N.C. 80, 84 S.E. 2d 390; *Coastal Highway v. Turnpike Authority,* 237 N.C. 52, 74 S.E. 2d 310; *Lamb v. Bd. of Education,* 235 N.C. 377, 70 S.E. 2d 201; *Idol v. Street,* 233 N.C. 730, 65 S.E. 2d 313; *Sams v. Cm'rs. of Madison,* 217 N.C. 284, 7 S.E. 2d 540; *S. v. Dixon, supra. Cf. Crook v. Commonwealth,* 147 Va. 593, 136 S.E. 565, 50 A.L.R. 1043.

The judgment of the court below is

Reversed.