FOOD FAIR, INC. v. CITY OF HENDERSON, N. C., AND MEMBERS OF THE HENDERSON CITY COUNCIL, LOUIS D. HORNER, MAYOR, DR. M. W. WESTER, J. LEE LASSITER, THURSTON EDWARDS, W. D. CHAMPION, DAVID MIMS, OWEN GUPTON, CHARLES ROSE

No. 729SC507

(Filed 14 February 1973)

1. Intoxicating Liquor § 2— statute requiring issuance of license to sell wines — local act granting authority to refuse license

    The statute requiring the mandatory issuance of a license to sell fortified and unfortified wines for consumption off premises to all persons complying with statutory requirements, G.S. 105-113.82, did not repeal by implication Chapter 936 of the 1945 Session Laws, which grants discretionary authority to the governing bodies of municipalities in Vance, Scotland and Moore Counties to refuse to issue a license for the sale of wines within the corporate limits of such municipalities.

2. Intoxicating Liquor § 2; Constitutional Law § 12— refusal of license to sell wines — unconstitutionality of local act — regulation of trade

    Chapter 936 of the 1945 Session Laws, which purports to grant discretionary authority to the governing bodies of municipalities in Vance, Scotland and Moore Counties to refuse to issue a license for the sale of fortified and unfortified wines within the corporate limits of such municipalities, is a local act regulating trade in violation of Art. II, § 24(1)(j) of the N. C. Constitution.

APPEAL by defendants from judgment of *Webb, Judge,* dated 16 March 1972 entered in Superior Court held in VANCE County.

This is a civil action in which plaintiff seeks a mandatory injunction requiring defendants, the City of Henderson and the members of its City Council, to issue a license to plaintiff for the retail sale of fortified and unfortified wines for consumption off premises. Upon the hearing before the judge pursuant to a show cause order, the following facts were established by the pleadings or were admitted: On 18 November 1971 plaintiff applied to defendant City Council for a license to sell fortified and unfortified wines for consumption off premises, said application being made in compliance with G.S. 105-113.80. Prior to making this application, plaintiff complied with all pertinent sections of G.S. Chap. 18A and with all rules and regulations of the North Carolina Board of Alcoholic Control, obtained permits for the retail sale of fortified and unfortified wines for consumption off premises, and submitted

its check to the City of Henderson in sufficient amount to cover the license fee. On 22 November 1971 the City Council denied plaintiff's application. At a meeting held on 21 October 1971 the City Council had adopted a policy pursuant to Chap. 936, 1945 Session Laws of refusing to issue a license for sale of wine in Henderson, N. C. to anyone. Such a license had been issued by the City to the Vance County A.B.C. Store No. 1, located in Henderson, N. C., from at least 1969 to the date of the hearing.

Upon these facts, the trial judge concluded as a matter of law that pursuant to G.S. 105-113.82 plaintiff "has a clear legal right to have a license issued by the City of Henderson, N. C. for the retail sale of fortified and unfortified wines off premises and that the City of Henderson, N. C. has no discretion in the said issuance of the said license and it is clearly a ministerial duty only." From judgment ordering defendants to issue the license applied for to the plaintiff, defendants appealed.

*Rogers & Senter by Bobby W. Rogers for plaintiff appellee.*

*Perry, Kittrell, Blackburn & Blackburn by Charles F. Blackburn for defendant appellants.*

PARKER, Judge.

[1] As their authority for refusing to issue to plaintiff the license applied for, appellants rely upon Chap. 936 of the 1945 Session Laws. Section 2 of that Act reads as follows:

"Sec. 2. The governing body of any municipality in Vance, Scotland and Moore Counties in their discretion are hereby authorized to refuse to issue a license for the sale of wine within the corporate limits of said municipality."

In its complaint, plaintiff attacked the constitutionality of this Act. In the judgment appealed from the trial court expressly made "no findings or determination as to the constitutionality" of Chap. 936, 1945 Session Laws, but rested its judgment upon its conclusion that G.S. 105-113.82 "requires the mandatory issuance of a license for the sale of fortified and unfortified wines off premises to all persons who have complied with the provisions of Chap. 18A of the General Statutes of North Carolina and NCGS 105-113.80." In so holding, it is apparent that the trial judge was of the opinion that G.S. 105-113.82 superseded and in effect repealed Chap. 936 of the 1945

Session Laws. We first examine this basis for the trial court's judgment.

G.S. 105-113.82, as enacted by Section 2 of Chap. 872 of the 1971 Session Laws, provides in part as follows:

> "§ 105-113.82. *Issuance of license mandatory.*—Except as herein provided, it shall be mandatory that the governing body of a municipality or county issue a license to any applicant when such person shall have complied with requirements of this Article and Chapter 18A: . . . . "

While we have found no Act of our General Assembly expressly repealing Chap. 936 of the 1945 Session Laws, a logical argument can be made that enactment of G.S. 105-113.82 did so by clear implication. However, repeals by implication are not favored, and "[o]rdinarily, a special or local statute is not repealed by a subsequent general statute of statewide application, but the special or local statute will be given effect as an exception to the general statute, notwithstanding a general repealing clause in the general statute." 7 Strong, N.C. Index 2d, Statutes, § 11, p. 85; see, *Bland v. City of Wilmington*, 278 N.C. 657, 180 S.E. 2d 813. Moreover, the evolutionary history leading to enactment of G.S. 105-113.82 in its present form fails to reveal any clear legislative intent to repeal Chap. 936 of the 1945 Session Laws. Present G.S. 105-113.82 had its genesis in Section 513 of the Beverage Control Act of 1939, which was one of the Articles of the Budget Revenue Bill of that year, Chap. 158 of the 1939 Session Laws. Section 513 of that Act contained the following:

> "Sec. 513. It shall be mandatory that the governing body of a municipality or county issue license to any person applying for the same when such person shall have complied with requirements of this article: . . . . "

Subsequently in the 1939 Session of the General Assembly this section was amended by adding provisos authorizing the governing bodies in certain named counties or of any municipality therein in their discretion to decline to issue the "on premises" licenses provided for in the Beverage Control Act and to prohibit sale of beer and/or wine on Sundays. When the General Statutes were enacted in 1943, the Beverage Control Act of 1939 as then amended was placed under Chap. 18, entitled "Intoxicating Liquors," Section 513 appearing as G.S. 18-77. At the 1945 Session of the General Assembly, G.S. 18-77 was amended by

adding additional provisos and by adding Vance and Macon Counties and the City of Greensboro to the list of localities, the governing bodies of which were granted discretionary authority to refuse to issue the "on premises" licenses. These 1945 amendments were enacted by Chap. 708, Section 6, and by Chaps. 934, 935 and 1037 of the 1945 Session Laws. It is noteworthy that two of these, Chaps. 934 and 935, were enacted on the same day and immediately before the enactment of Chap. 936 of the 1945 Session Laws, the very Act upon which the defendants in the present case rely. It is manifest, therefore, that the 1945 General Assembly which enacted Chap. 936 intended that it be construed together with G.S. 18-77 as then enacted in such manner as to give effect to both. G.S. 18-77 was again amended in 1947, but simply to add Bertie to the list of counties named therein. Chap. 932, 1947 Session Laws. As thus amended, G.S. 18-77 remained unchanged until enactment of Chap. 872 of the 1971 Session Laws, entitled "An Act to Rewrite General Statutes Chapter 18, Rewrite and Transfer to Chapter 105 the Revenue Statutes Formerly in Chapter 18 and to Repeal Certain Inconsistent Sections." This Act repealed Chap. 18 and certain other sections of the General Statutes, enacted a new chapter designated 18A and entitled "Regulation of Intoxicating Liquors," and by Section 2 amended Chap. 105 of the General Statutes by inserting therein a new Article 2C entitled "Intoxicating Liquors Tax." As part of this Article present G.S. 105-113.82 was enacted, thus returning this Statute to its birthplace among the statutes dealing with taxation.

Important in the foregoing history is the fact that G.S. 105-113.82 as enacted in 1971 is in every respect which is material to the question now before us identical with the provisions of former G.S. 18-77 as that Statute existed in 1945 when Chap. 936 of the 1945 Session Laws was enacted. By merely moving this Statute from former Chap. 18 and placing it in Chap. 105 of the General Statutes without making any significant change in its language, the 1971 General Assembly failed to manifest any clear legislative intent to repeal by implication Chap. 936 of the 1945 Session Laws. In our opinion Chap. 936, 1945 Session Laws, has not been repealed.

[2] Having concluded, contrary to the opinion of the trial court, that Chap. 936, 1945 Session Laws has not been repealed, we now consider plaintiff's contention that in any event Section 2 of that Act is unconstitutional as being in violation of Article

II, Section 24(1)(j), of the Constitution of North Carolina which provides that the General Assembly shall not enact any local, private or special act regulating trade. In our opinion, Section 2 of Chap. 936, 1945 Session Laws is violative of this provision of our Constitution. *Smith v. County of Mecklenburg,* 280 N.C. 497, 187 S.E. 2d 67. By its terms it applies only to the governing bodies of municipalities in three counties. In relation to the purpose of the Act the affected counties and the municipalities therein do not rationally differ from the remaining ninety-seven counties and the municipalities located therein. There is thus no question but that it is a local Act within the meaning of that term as employed in Article II, Section 24(1)(j) of our State Constitution. The selling of wine is a trade, *Smith v. County of Mecklenburg, supra,* and the Act purports to grant discretionary authority to the governing bodies of municipalities in the three affected counties to refuse to issue a license for conducting this trade within the corporate limits of such municipalities. It is, therefore, clear that Section 2 of Chap. 936 of the 1945 Session Laws is a local Act regulating trade. The fact that it is permissive and takes effect only when invoked by the governing body of some municipality in one of the three named counties does not make it any the less an Act regulating trade. *Surplus Co. v. Pleasants, Sheriff,* 264 N.C. 650, 142 S.E. 2d 697.

For the reasons stated above, we agree with the trial court's ultimate conclusion that defendants have no discretion to refuse to issue to the plaintiff the license applied for, and the judgment appealed from is

Affirmed.

Judges VAUGHN and GRAHAM concur.