RODNEY GAVIN NELSON T/A NELSON'S RESTAURANT v. NORTH CAROLINA STATE BOARD OF ALCOHOLIC CONTROL

No. 7510SC258

(Filed 18 June 1975)

Constitutional Law § 12; Intoxicating Liquor § 1— local act prohibiting sale of beer and wine — regulation of trade — unconstitutionality

A local act prohibiting the sale, disposal for gain or giving away of beer and wine in the community of Atlantic in Carteret County is a local act regulating a trade in violation of Article II, Section 24(1)(j) of the N. C. Constitution and is void.

APPEAL by respondent from *Lee, Judge.* Judgment entered 7 February 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 29 May 1975.

Petitioner, the proprietor of a restaurant in the community of Atlantic in Carteret County, applied to respondent for a retail beer and wine permit. After hearing, the application was denied. There was no controversy about the material facts. The only reason for denial of the application is the existence of Chapter 626, Public-Local Laws of 1937 which, in part, provides as follows:

"'That it shall be unlawful for any person, persons, firm or corporation to sell or otherwise dispose of for gain or to give away spirituous, vinous or malt liquors, wines, ciders, either foreign or domestic, bitters containing more than one-half of one percent, by volume, of alcohol in the community of Atlantic, running from Styron's Bay to Hall's Point in the County of Carteret, North Carolina.'"

Petitioner exercised his right to judicial review. The case came on for consideration before Judge Lee who concluded that the act in question is a local act purporting to regulate trade and is, therefore, contrary to the Constitution of North Carolina. The case was remanded for reconsideration by respondent in the light of the court's decision. Respondent appealed.

*Attorney General Edmisten, by Associate Attorney James Wallace, Jr., for respondent appellant.*

*Wheatly & Mason, P.A., by C. R. Wheatly, Jr., for petitioner appellee.*

VAUGHN, Judge.

Article II, Section 24, of the Constitution of North Carolina, in pertinent part, provides:

"(1) *Prohibited subjects.* The General Assembly shall not enact any local, private, or special act or resolution:

* * *

(j) Regulating labor, trade, mining, or manufacturing;

* * *

(3) . . . [a]ny local . . . act . . . enacted in violation of the provisions of this Section shall be void.

(4) *General laws.* The General Assembly may enact general laws regulating the matters set out in this Section."

The quoted section is in all material respects identical to the relevant section in effect prior to the adoption of the revised constitution in 1970.

By its terms, the act in question applies only to an ill-defined unincorporated area made up of less than one county. It is a local act.

Petitioner seeks a license to engage in the retail sale of beer and wine. The retail sale of beer and wine is a "trade" within the meaning of this constitution. *Food Fair v. Henderson,* 17 N.C. App. 335, 194 S.E. 2d 213. "Trade" refers to a business venture for profit. *Smith v. County of Mecklenburg,* 280 N.C. 497, 187 S.E. 2d 67. Except for the local act in question, petitioner, upon compliance with the general laws regulating the sale of beer and wine, would be free to pursue that trade.

Appellant attempts to distinguish the local act in question from the ones involved in *Smith* and *Food Fair* because it absolutely "prohibits" the trade rather than to "regulate with particularity" as in *Smith,* and allows the local governing bodies no discretion as the act did in *Food Fair*. There is no such distinction to be made between the acts in a constitutional sense. All of them are local acts attempting to govern, or regulate, the carrying on of a trade in violation of the constitution.

A local act that authorizes or prohibits the sale of beer and wine is a local act regulating or governing a trade and is void.

In *State v. Chestnutt,* 241 N.C. 401, 85 S.E. 2d 297, the Supreme Court upheld a conviction for racing on Sunday in violation of a local act. The act prohibited all motor vehicle races on Sunday without regard to whether profit or other compensation was involved. The court carefully limited its opinion to the attack then being made on the act and said that it regarded "the statute as placing a ban upon a specified activity, to wit, motor vehicle races on Sunday in Wake County, rather than as a regulation of labor or trade in which the defendants and others are privileged to engage."

Appellant suggests that since the local act in question here also makes it unlawful to "give away" the designated beverages, the rationale in *Chestnutt* should control the disposition of the case at bar. We disagree. The only substantial effect of the local act before us is to regulate the sale of alcoholic beverages. Its effect on trade is not, therefore, merely incidental. The only practical consequence of the additional proscription against giving the beverages away is, most likely, an aid to enforcement of the provisions regulating the sale of alcoholic beverages— a trade.

The trial court correctly concluded that Chapter 626 of the Public-Local Laws of 1937 violates Article II, Section 24 (1) (j) of the Constitution of North Carolina and is void. *Food Fair v. Henderson, supra.* The judgment is, therefore, affirmed.

Affirmed.

Judges BRITT and PARKER concur.