TREASURE CITY OF FAYETTEVILLE, INC., A CORPORATION, ON BEHALF OF ITSELF AND SUCH OTHER PERSONS, FIRMS AND CORPORATIONS AS ARE SIMILARLY AFFECTED BY NORTH CAROLINA GENERAL STATUTE 14-346.2 v. W. G. CLARK, SHERIFF OF CUMBERLAND COUNTY.

(Filed 17 January 1964.)

**1. Constitutional Law § 4—**

While ordinarily the constitutionality of a statute may not be challenged in an action to enjoin its enforcement, injunction will lie as an exception to this rule to prevent the deprivation of constitutional rights.

**2. Statutes § 2—**

A statute proscribing the sale on Sunday of merchandise falling within certain classifications is a statute regulating trade under the purview of Article II, § 29 of the State Constitution.

**3. Same—**

G.S. 14-346.2 proscribing the sale of merchandise of specific classifications within the State but exempting designated counties and parts of counties therefrom, with provision that the areas exempted were exempted upon the classification of such areas as resort or tourist areas, but which does not define "resort area" and which as a matter of common knowledge does not exempt all recognized tourist areas of the State or by its classifications of goods, permit in the exempted area only such merchandise as is appropriate to the tourist trade, *is held* void as a local law in violation of Article II, § 29 of the State Constitution.

APPEAL by plaintiff from *Braswell, J.,* July 24, 1963, Session of CUMBERLAND.

Plaintiff's action is to restrain defendant, the Sheriff of Cumberland County, North Carolina, from making arrests for alleged violations of Chapter 488, Session Laws of 1963, which provides:

"AN ACT TO REWRITE G.S. 14-346.2 TO PROHIBIT CERTAIN BUSINESS ACTIVITIES ON SUNDAY.

"*The General Assembly of North Carolina do enact:*

"Section 1. G.S. 14-346.2, as the same appears in the 1961 Cumulative Supplement of the General Statutes, is hereby rewritten to read as follows:

" '§ 14-346.2. Any person, firm or corporation who engages on Sunday in the business of selling, or sells or offers for sale on such day, clothing and wearing apparel, clothing accessories, furniture, home, business or office furnishings, household, business or office appliances, hardware, tools, paints, building and lumber supply materials, jewelry, silverware, watches, clocks, luggage, musical instruments or recordings, shall be guilty of a misdemeanor, and upon conviction shall be fined or imprisoned, or both, in the discretion of the court.

" 'Each separate sale or offer to sell shall constitute a separate offense: Provided this Section shall not be applicable to Avery, Currituck, Wilkes, Madison, Yancey, Watauga, Graham, Cherokee, Clay, Hyde, Henderson, Mitchell, Camden, Swain, Pamlico, Carteret, Brunswick, Dare, Haywood, Jackson, Macon, New Hanover, Pender, Polk, and Transylvania Counties.'

"This Act shall not apply to Chimney Rock Township of Rutherford County, Colly Township of Bladen County, or Edneyville Township of Henderson County.

"This Act shall not apply to facilities within the right-of-way of the Blue Ridge Parkway in Ashe, Alleghany and Watauga

Counties as shown on recorded plats of the same and this Act shall not apply to Blowing Rock Township of Watauga County.

"The areas that are exempted from this Act by the foregoing provisions are so exempted upon the classification of such areas as resort or tourist areas, the General Assembly recognizing that different considerations apply to such areas. By exempting such areas from this Act the General Assembly hereby classifies such areas as resort or tourist areas.

"Sec. 1½. In the event the provisions of this Act exempting certain areas of less than county size from the effect thereof be held unconstitutional, such provisions shall be considered as severable from the other provisions of this Act and such exemptions shall then be void and be disregarded in determining the constitutionality of the other provisions of this Act.

"Sec. 2. All laws and clauses of laws in conflict with this Act are hereby repealed.

"Sec. 3. This Act shall become effective July 1, 1963.

"In the General Assembly read three times and ratified, this the 22nd day of May, 1963."

Plaintiff, a North Carolina corporation, has its principal office in Mecklenburg County, North Carolina. It operates a general retail merchandising store in Cumberland County, North Carolina, approximately one mile from the city limits of Fayetteville. On Sundays, in said store, plaintiff engages in the business of selling many of the articles referred to in said 1963 Act and derives "a substantial dollar volume of business" from such Sunday sales.

Plaintiff alleges the 1963 Act is unconstitutional and therefore void; that it has no adequate remedy at law; and that, unless defendant is restrained, plaintiff will suffer irreparable damage and injury by "substantial loss of dollar volume of business on Sunday" and by a multiplicity of arrests and criminal prosecutions.

When the cause came on for hearing as to whether a temporary restraining order theretofore issued should be continued in effect pending final determination of the action, defendant demurred to the complaint on the ground the 1963 Act is valid and therefore the complaint did not allege facts sufficient to constitute a cause of action.

After hearing, the court entered judgment sustaining the demurrer, dissolving the temporary restraining order and dismissing the action. Plaintiff excepted and appealed. Thereupon, the court, exercising the discretionary power conferred by G.S. 1-500, ordered that the temporary restraining order remain in effect pending disposition of plaintiff's appeal.

*McDougle, Ervin, Horack & Snepp for plaintiff appellant.*
*Clark & Clark and Lester G. Carter, Jr., for defendant appellee.*
*Smith, Leach, Anderson & Dorsett for North Carolina Merchants Association, amicus curiae.*
*Warren C. Stack for Clark's Charlotte, Inc., amicus curiae.*

BOBBITT, J.   In *Surplus Store, Inc. v. Hunter,* 257 N.C. 206, 125 S.E. 2d 764, this Court on May 23, 1962, held void the 1961 Act (S.L. 1961, Chapter 1156) codified as G.S. 14-346.2 (1961 Supplement), on the ground it was "unconstitutionally vague, uncertain and indefinite." The 1963 Act now challenged by plaintiff as unconstitutional is entitled "AN ACT TO REWRITE G.S. 14-346.2 TO PROHIBIT CERTAIN BUSINESS ACTIVITIES ON SUNDAY." Even so, the 1963 Act is an entirely new, independent and complete statute.

As in *Surplus Store, Inc. v. Hunter, supra,* and for like reasons, this Court deems it appropriate to pass now upon the validity of the 1963 Act, notwithstanding the *general* rule that the constitutionality of a statute may not be challenged in an action to enjoin its enforcement.

Plaintiff alleges and contends the 1963 Act is void on the ground, *inter alia,* it violates Article II, Section 29, of the Constitution of North Carolina, which, in pertinent part, provides: "The General Assembly shall not pass any local, private, or special act or resolution . . . regulating labor, trade, mining, or manufacturing; . . . Any local, private or special act or resolution passed in violation of the provisions of this section shall be void. The General Assembly shall have power to pass general laws regulating matters set out in this section."

The 1963 Act, within the portions of North Carolina to which it applies, *regulates trade* by prohibiting the sale on Sunday of certain articles of merchandise. For a definition of "trade," see *S. v. Dixon,* 215 N.C. 161, 164, 1 S.E. 2d 521, and *Speedway, Inc. v. Clayton,* 247 N.C. 528, 533, 101 S.E. 2d 406.

The crucial question is whether the 1963 Act is a "local, private or special act" as contended by plaintiff, or a general law as contended by defendant. If a "local, private or special act," the 1963 Act, by the express provisions of Article II, Section 29, is void.

In *McIntyre v. Clarkson,* 254 N.C. 510, 119 S.E. 2d 888, this Court, in opinion by *Moore, J.,* discussed and defined local and special legislation in contradistinction to general laws. The legal principles there stated control decision as to the validity of the 1963 Act.

The 1963 Act does not apply to any portion of twenty-five counties, to wit, Avery, Currituck, Wilkes, Madison, Yancey, Watauga, Graham, Cherokee, Clay, Hyde, Henderson, Mitchell, Camden, Swain,

Pamlico, Carteret, Brunswick, Dare, Haywood, Jackson, Macon, New Hanover, Pender, Polk and Transylvania. It does not apply to portions of four other counties, to wit, Chimney Rock Township of Rutherford County, Colly Township of Bladen County, and the portions of Ashe and Alleghany Counties within the right of way of the Blue Ridge Parkway. (Note: The separate provisions for the exemption of Edneyville Township of *Henderson County,* Blowing Rock Township of *Watauga County* and the portion of *Watauga County* within the right of way of the Blue Ridge Parkway may be disregarded as surplusage.)

The 1963 Act does not define a resort area *or* a tourist area. Nor does it contain a general statewide exemption of resort areas or tourist areas. It purports to classify specific counties or portions of specific counties and no other portions of North Carolina "as resort or tourist areas."

Mindful of the slogan, "Variety Vacationland," it is doubtful whether there is any county in North Carolina which does not have within its borders an area which could be reasonably described as a resort area or as a tourist area. Reference to the following matters of common knowledge (among many such instances) will suffice. Portions of Buncombe County fall within any reasonable definition of a resort area and of a tourist area. This is true as to portions of Moore County. Onslow County, to which the 1963 Act applies, and coastal counties exempted therefrom, contain areas equally indentifiable as resort areas or tourist areas. Any list of outstanding tourist attractions in North Carolina would include the Old Salem Restoration, the North Carolina Museum of Art and Tryon Palace. Yet no portion of Forsyth, Wake or Craven Counties is exempted from the 1963 Act. It is clear there are many areas within the portions of North Carolina to which the 1963 Act applies which would fall within any reasonable definition of a resort area or a tourist area as well as or better than many of the areas exempted from its operation.

Moreover, the 1963 Act applies to the sale of articles of merchandise appropriate primarily to the needs of permanent residents rather than to the distinctive needs of patrons of a resort area or of a tourist area. It contains no prohibition with reference to food, drugs, lodgings, automotive supplies and services or other articles or services appropriate to the distinctive needs of tourists. Nor does it prohibit the operation of places of amusement, entertainment or recreation or the sale of merchandise appropriate to the distinctive needs of patrons thereof. Consideration of the articles of merchandise to which the 1963 Act applies (e.g., business or office furnishings) dispels the suggestion that there exists in a resort area or in a tourist area a need for the sale of such merchandise on Sunday sufficiently distinctive to constitute a reason-

able basis for the separate classification of such areas with reference to the sale of such articles of merchandise. In *McGowan v. Maryland*, 366 U.S. 420, 6 L. Ed. 2d 393, 81 S. Ct. 1101, cited in support of defendant's position, the constitutionality of a Maryland statute was challenged on grounds different from that now under consideration. Even so, it is noteworthy that the Maryland statute exempted from its operation in Anne Arundel County the retail sale of "merchandise essential to, or customarily sold at, or incidental to, the operation of" bathing beaches, amusement parks, etc.

The 1963 Act is not general because it does not apply to and operate uniformly "on all members of any class of persons, places or things requiring legislation peculiar to itself in matters covered by the law." *S. v. Dixon, supra*, concurring opinion of Barnhill, J. (later C.J.); *McIntyre v. Clarkson, supra*. On the contrary, it applies to and operates only on merchants in designated counties or portions thereof and not on similarly situated merchants in other counties or portions thereof and no reasonable basis exists for the attempted classification of the exempted counties or portions thereof as resort areas or tourist areas. *Cf. Sarner v. Union Twp.* (N.J. Super.), 151 A. 2d 208. Hence, the 1963 Act must be considered a local and special act in violation of Article II, Section 29, and therefore void. Accordingly, the judgment of the court below is reversed and the cause is remanded for further proceedings consistent with the law as stated herein.

Decision on the ground stated above renders unnecessary a discussion of other grounds on which plaintiff attacked the 1963 Act as unconstitutional.

Reversed and remanded.