REVEREND JAMES R. WALKER, JR. v. CITY OF CHARLOTTE, AND WILLIAM H. JAMISON, SUPERINTENDENT OF BUILDING INSPECTION; AND THOMAS B. LACKEY, CHIEF HOUSING INSPECTOR FOR THE CITY OF CHARLOTTE.

(Filed 4 November, 1964.)

**1. Injunctions § 5; Municipal Corporations § 34—**

Injunction will not lie to restrain the enforcement of a statute or municipal ordinance on grounds of its unconstitutionality unless it is shown that there is a danger that property or personal rights will suffer irreparable injury which is both great and immediate, since ordinarily a defendant prosecuted for the violation of a statute or ordinance, has the adequate remedy at law of attacking its constitutionality in the prosecution, with right of appeal in the event of conviction.

**2. Same—Plaintiff held not to have shown danger of irreparable injury, great and immediate, unless enforcement of ordinance was restrained.**

Plaintiff alleged that under the building code of defendant municipality (G.S. 160-151, G.S. 160-162, G.S. 160-184, G.S. 14-4) he had been ordered to demolish a dwelling house owned by him and had once been prosecuted for beginning to renovate and repair the residence without first obtaining a written permit, but plaintiff did not allege that defendant had engaged in vexatious and oppressive prosecutions of him for violation of the housing ordinances of the city. Plaintiff further alleged that the dwelling is vacant, that hoodlums had extensively damaged its porches, windows and doors,

that the cost of repairs and alterations would exceed 50 per cent of its listed value for taxation, etc. *Held:* Plaintiffs allegations failed to show that there is danger that he will suffer irreparable injury which is both great and immediate to his property or personal rights if the city building ordinances were enforced, and an order denying a temporary injunction, with provision that defendant be restrained until final determination of the appeal, is affirmed.

APPEAL by plaintiff from an order of *Clark, S. J.,* 17 August 1964, Schedule "C" nonjury Session of MECKLENBURG.

Suit instituted 23 July 1964 under the Declaratory Judgment Act, G.S. 1-253 *et seq.,* by plaintiff against the city of Charlotte, a municipal corporation, and its Superintendent of Building Inspection and its Chief Housing Inspector for a declaration of the unconstitutionality of and a permanent injunction against the enforcement of ordinances of the city of Charlotte and of the State statutes, which authorize the enactment of such ordinances by the city of Charlotte, which ordinances provide, in part, that no person shall enlarge, alter, or repair any structure, or part thereof, in the city of Charlotte without first making application and obtaining a written permit from the inspection department therefor, and which further provide that any building, or part thereof, in the city which is in such a condition as to be dangerous to the health, safety or lives of the occupants, the general public or persons passing near or living in the vicinity, or dangerous to the security of adjoining property or especially dangerous to the lives of fire fighters in case of fire shall be held to be unsafe, and the inspector shall have the authority and it shall be his duty to declare such buildings unsafe and to take the necessary action to have such unsafe conditions corrected or removed, heard upon an order dated 23 July 1964 requiring defendants to show cause why a temporary injunction should not be issued pending a final hearing upon the merits.

According to Judge Clark's order, the order to show cause was heard by him solely on arguments by plaintiff, a lawyer, appearing *in propria persona,* and by counsel for the defendants. According to the record before us, it seems neither plaintiff nor defendants offered any evidence before Judge Clark: there is no evidence in the record. There is nothing in the record to indicate that plaintiff offered his complaint as an affidavit in evidence.

However, it is necessary to summarize the crucial allegations of fact and conclusions of law in plaintiff's complaint for an understanding of this appeal.

Plaintiff, who is engaged in the ministry and the general practice of the law in the State, is the owner of a six-room frame dwelling located at 1449 South Church Street in the city of Charlotte. The building

was formerly a church, and in 1901 was converted into a six-room dwelling. There is nothing in the complaint to indicate when plaintiff purchased the dwelling. He "vacated" the premises — the complaint does not allege when — in order to make alterations and repairs to meet his personal needs, and while it was vacant its porch, windows, and doors were extensively damaged by hoodlums, but even now it is in sound condition, and free from all dangers to the public, and is well suited for human habitation.

The cost of repairs and alterations to his dwelling will be more than 50% of the listed value of his dwelling for taxation, and in consequence such repair and alterations are forbidden by the city code and the "Remove and Demolish orders of the defendants."

In February 1964 he received a written notice dated 10 February 1964, from T. B. Lackey, Chief Housing Inspector for the city of Charlotte, entitled "Findings of Fact and Order," containing the following, which we summarize: James R. Walker, owner of the dwelling located at 1449 South Church Street in the city of Charlotte, was duly served with complaint and notice in regard to the dwelling located at 1449 South Church Street in the city of Charlotte, and pursuant thereto, a hearing was held on 7 February 1964. As a result of the evidence presented at the hearing, it is found as a fact that the said dwelling is unfit for human habitation in violation of the city ordinance in the following respects, beyond reasonable repair. The said dwelling cannot be repaired, altered or improved at a cost of less than 50% of the value of the dwelling. Therefore, it is ordered that the owner before 18 March 1964 shall remove or demolish said building. He alleges in his complaint that this order is based exclusively upon the provisions of Section 10A-8 of the Housing Code of the city of Charlotte, which ordinance the city of Charlotte was authorized to adopt by virtue of the provisions of G.S. 160-184.

In March 1964 he received a second written notice dated 24 March 1964 from T. B. Lackey, Chief Housing Inspector for the city of Charlotte, containing the following, which we summarize: A recent reinspection of the premises located at 1449 South Church Street in the city of Charlotte shows that nothing has been accomplished toward correcting the dangerous situation there existing, though prior to this date the owner Walker was notified by letter dated 12 April 1963 of the dangerous condition of this building. The building is open and unoccupied, and is dangerous to the health or lives of the general public and persons passing near or living in the vicinity. The building presents a hazard to children who may play in and around it, and endangers the security of the adjoining property by being open to va-

grants. Under the provisions of G.S. 160-151, the Charlotte Charter, Ch. 31(17), and the code of the city of Charlotte, Section 5-6(e), this building is declared unsafe and is condemned, and shall be removed within 30 days from the date of this letter. If this work is not accomplished within the specified time, they have no other alternative but to prosecute in accordance with the laws. He alleges in his complaint the prosecution of him referred to in this letter was authorized by G.S. 160-152 after a condemnation of his dwelling pursuant to the provisions of G.S. 160-151.

Prior to 10 February 1964 and 24 March 1964 defendants posted a notice on his dwelling, which reads as follows: "This building is unfit for human habitation; the use or occupation of this building for human habitation is prohibited and unlawful." He is in violation of the two "remove or demolish" orders served on him in that he wilfully refused, and still refuses, to demolish or remove his dwelling as directed by defendants, and that his intention is to return to work in order to make necessary repairs and alterations to bring his dwelling up to his personal standards, and that "all of the defendants' orders and criminal codes" prohibiting him from performing his right to repair, use, occupy, and enjoy his property is in violation of his rights under the Federal and State Constitutions. Unless defendants are permanently restrained from preventing him from repairing his homestead to his needs, he will be further prosecuted under the criminal laws by the defendants, because G.S. 160-152 provides a fine for each day an unsafe building is allowed to stand after notice as set forth in the statute, he will lose his homestead, he will be unable to further his education as a minister and to earn his living while practicing law in an office in his homestead and living in his homestead, and that his health will be impaired, his constitutional rights and his liberty will be curtailed and abridged, and he will suffer irreparable injury. That the statutes of the State of North Carolina and the ordinances of the city of Charlotte above referred to are unconstitutional as contrary to the provisions of the Fourth and Fourteenth Amendments to the United States Constitution, and as contrary to the provisions of Sections 1, 15, 17, 19, 29, 35, and 37 of Article I, and Section 1 of Article II, and Section 2 of Article X of the North Carolina Constitution.

W. H. Jamison, Superintendent of Building Inspection of the city of Charlotte, swore out a warrant against him charging him on 23 June 1964 with unlawfully and wilfully violating Section 5-4(c) of the code of the city of Charlotte by renovating or repairing his residence located at 1449 South Church Street without first making application and obtaining a written permit therefor from the building inspection

department of the city of Charlotte, all in violation of G.S. 14-4. On 9 July 1964 he was convicted and given a 30-day jail sentence. The complaint does not allege whether he appealed or served the sentence.

Judge Clark, without finding any facts, (1) restrained the defendants from demolishing the building located at 1449 South Church Street in the city of Charlotte until the final determination of this action; and (2) refused to issue a temporary restraining order against enforcement of the provisions of the building code of the city of Charlotte, including Sections 5-4(c) and 5-6(e) thereof, and declined to vacate the orders of 10 February and 24 March 1964, as requested by the plaintiff.

From this order plaintiff appeals.

*Thomas H. Wyche, Charles V. Bell, Samuel S. Mitchell, and James R. Walker, Jr., for plaintiff appellant.*
*John T. Morrisey, Sr. and Jimmy W. Kiser for defendant appellees.*

PARKER, J. Plaintiff in his brief states that the one question presented for decision is: Did Judge Clark commit prejudicial error in denying him a temporary restraining order enjoining defendants from further criminal prosecution of him for alleged violations of the housing provisions of the code of the city of Charlotte until the final determination of his suit?

G.S. 14-4 makes the violation of a municipal ordinance a criminal offense.

It is a general principle of well-established law that when a statute is enacted or a municipal ordinance is adopted regulating the doing of certain acts and making the violation thereof a criminal offense, an injunction will not ordinarily issue to restrain the enforcement of the statute or municipal ordinance on the ground of its alleged unconstitutionality. This general rule is based, in addition to other considerations, on the principle that equity is concerned only with the protection of civil and property rights, and is intended to supplement, and not usurp, the functions of the courts of law, and on the fact that the party has an adequate remedy at law, because if he is prosecuted for the violation of a statute or a municipal ordinance that is unconstitutional, its unconstitutionality is a complete defense upon a prosecution in the courts for its violation, and in case of a conviction, there can be an appeal. *Surplus Store, Inc. v. Hunter,* 257 N.C. 206, 125 S.E. 2d 764; *Roller v. Allen,* 245 N.C. 516, 96 S.E. 2d 851; *Fox v. Commissioners of Durham,* 244 N.C. 497, 94 S.E. 2d 482; *Lanier v. Warsaw,* 226 N.C. 637, 39 S.E. 2d 817; *Jarrell v. Snow,* 225 N.C. 430, 35 S.E. 2d 273; *Loose-Wiles Bis-*

*cuit Co. v. Sanford,* 200 N.C. 467, 157 S.E. 432; *Turner v. New Bern,* 187 N.C. 541, 122 S.E. 469; *Wardens v. Washington,* 109 N.C. 21, 13 S.E. 700; *Cohen v. Commissioners,* 77 N.C. 2; Strong's N. C. Index, Vol. 2, Injunctions, § 5; McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. 2, § 2200; *Cline v. Frink Dairy Co.,* 274 U.S. 445, 71 L. Ed. 1146; *Fenner v. Boykin,* 271 U.S. 240, 70 L. Ed. 927; *Hygrade Provision Co. v. Sherman,* 266 U.S. 497, 69 L. Ed. 402; *Packard v. Banton,* 264 U.S. 140, 68 L. Ed. 596; 28 Am. Jur., Injunctions, § 242 (1959); 43 C.J.S., Injunctions, §§ 156, 159, and 160.

There is an exception to this general rule, as well established as the rule itself, that equity will enjoin the actual or threatened enforcement of an alleged unconstitutional statute or municipal ordinance, when it plainly appears that otherwise there is danger that property rights or the rights of persons will suffer irreparable injury which is both great and immediate. *Surplus Store, Inc. v. Hunter, supra; Roller v. Allen, supra; Lanier v. Warsaw, supra; Loose-Wiles Biscuit Co. v. Sanford, supra; Cline v. Frink Dairy Co., supra; Fenner v. Boykin, supra; Hygrade Provision Co. v. Sherman, supra; Packard v. Banton, supra;* McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. 2, §§ 2200 and 2201; 43 C.J.S., Injunctions, §§ 157 and 158.

While plaintiff alleges in his complaint that he has been prosecuted one time for a violation of the housing provisions of the code of the city of Charlotte, and unless the defendants are enjoined he will be further prosecuted for similar offenses by the defendants, he fails to allege or to show that defendants have engaged in vexatious and oppressive prosecutions of him for an alleged violation of the housing provisions of the code of the city of Charlotte.

According to the allegations of plaintiff's complaint, the dwelling he owns in the city of Charlotte was formerly a frame church and was converted into a dwelling house in 1901; that at present it is vacant, and its porch, windows, and doors have been extensively damaged by hoodlums; the cost of repairs and alterations will be more than 50% of its listed value for taxation; but that it is well suited for human habitation, a *non sequitur* conclusion. However, plaintiff further alleges in his complaint that defendants, after notice to him and a hearing, found as a fact that his house was unfit for human habitation as being beyond reasonable repair; is open and unoccupied; and is dangerous to the health or lives of the general public and persons living in the vicinity, and presents a hazard to children who play in and around it; and has been declared unsafe and condemned by defendants, and ordered removed or demolished. With such conflicting allegations of fact in his complaint about the condition of his house, plaintiff has

not made it plainly appear that there is danger his property rights will suffer irreparable injury which is both great and immediate if a temporary injunction as prayed by him is not granted. Further, Judge Clark restrained defendants from demolishing his dwelling until the final determination of this action, and defendants did not appeal.

Plaintiff has totally failed to allege or to show facts as to how his health will be impaired if a temporary injunction as requested by him is not granted. It seems plain that plaintiff has completely failed to allege or to show facts that there is danger that his civil rights, his desire to further prepare himself for the ministry, and to earn a living by practicing law will suffer irreparable damage both great and immediate, unless he can repair his dwelling in the condition he alleges it is now in and live in it, and unless a temporary injunction as requested by him is granted. Surely, the enjoyment by him of his fundamental human rights cannot be made to rest merely on such fragile foundations.

Plaintiff has completely failed to show such circumstances as to warrant the exercise by equity of its injunctive power. It is manifest that a court of law in a criminal prosecution can and will afford plaintiff an adequate legal remedy to test the constitutionality of the State statutes and municipal ordinances which he challenges here.

The order of Judge Clark is
Affirmed.