WILLIE SMITH v. FRED HAUSER, E. G. LACKEY, BESS WARREN, SOL COLTRANE AND JACK COVINGTON, MEMBERS OF THE FORSYTH COUNTY BOARD OF COMMISSIONERS, AND E. G. SHORE, SHERIFF OF FORSYTH COUNTY.

(Filed 4 November, 1964.)

**Injunctions § 5;    Municipal Corporations § 34—**

The enforcement of a municipal Sunday observance ordinance will not be restrained when it is apparent that the party seeking the injunctive relief has an adequate remedy at law in attacking the constitutionality of the ordinance as a defense in the prosecutions against him for its violations.

APPEAL by plaintiff from *Brock, Special Judge,* September 7, 1964, Civil Session of FORSYTH.

This cause was heard below, on the complaint, answer and agreed statement of facts, to determine whether the temporary restraining order issued July 27, 1964, when this action was commenced, should be made permanent.

The stipulated facts, except when quoted, are summarized as follows:

At a meeting held in April of 1964, the Board of Commissioners of Forsyth County, pursuant to Chapter 1071, 1953 Session Laws, as amended by Chapter 943, 1961 Session Laws, adopted a resolution (regulation) worded as follows:

"It shall be unlawful for any person, firm, corporation or association and same are hereby prohibited from operation between the hours of 2:00 o'clock a.m., on Sunday and 12:00 o'clock midnight Sunday, any

club where persons may associate for a common purpose, which club is located within 300 yards of the property on which is located any public school or church building, and at any such club all music shall cease at 1:00 o'clock a.m. on Sunday and same shall not be resumed until after 12:00 o'clock midnight on Sunday; that this regulation shall be applicable in all portions of Forsyth County not embraced within the jurisdiction of the City of Winston-Salem and the Town of Kernersville."

(The cited statutes provide that "an appropriate resolution" adopted by the Board of Commissioners of Forsyth County in accordance with prescribed procedures shall have the effect of a "legislative enactment," and that any person who violates such resolution shall be guilty of a misdemeanor and subject to punishment by fine "not exceeding fifty dollars ($50.00)" or by imprisonment "not exceeding thirty (30) days.")

Plaintiff owns and operates a night club in Forsyth County. He operates it as a business enterprise for gain or profit. It is located "within three hundred (300) yards of a church building in Forsyth County." It is "some miles removed from the center of Winston-Salem." He operates it "one night per week, to wit, during the hours of Saturday evening and early Sunday morning, and, before the passage of said resolution . . ., operated until 3:00 a.m. Sunday morning." A part of its operation "involves the playing of music for those patrons who desire to dance."

Since the adoption of said resolution, plaintiff has been arrested twice, once because "he had not closed his place of business by 2:00 a.m.," and later because "music was played in his establishment after 1:00 a.m." Plaintiff was convicted in the Municipal Court of Winston-Salem on May 8, 1964, "for a violation" of said resolution. He appealed "to the May 18, 1964, term of the Superior Court of Forsyth County, and said appeal is presently pending in the Forsyth County Superior Court."

"The plaintiff has some servants and employees who are paid wages for their work and labor from the proceeds derived from the operation of his club to the hour of 3:00 a.m. each Sunday morning. Most of the plaintiff's patrons are colored persons."

Plaintiff seeks to enjoin the enforcement of said resolution. He attacks said resolution on the ground the statutory provisions relied on as authority therefor are unconstitutional and therefore void.

The court, being of opinion plaintiff's "proper remedy is in the criminal action which is pending against him and not by separate action on the civil side," vacated the temporary restraining order and dismissed the action. Plaintiff excepted and appealed.

*Hatfield & Allman and Roy G. Hall, Jr., for plaintiff appellant.*
*Roddey M. Ligon, Jr., for defendant appellees.*

PER CURIAM. The cause, which was before Judge Brock for final hearing, was submitted upon an agreed statement of facts.

If, as plaintiff asserts, the statutory provisions relied on by the Board of Commissioners of Forsyth County as authority for their resolution of April, 1964, are unconstitutional and therefore void, plaintiff has an adequate remedy at law in that he has a complete defense to a criminal prosecution for violation of said resolution. In our view, the stipulated facts fail to show circumstances sufficient to warrant equitable (injunctive) relief; and the general rule, as stated in *Walker v. Charlotte, ante,* 697, ...... S.E. 2d ......, and cases cited, applies. Hence, the judgment of the court below is affirmed.

Affirmed.