FROSTY ICE CREAM, INC., A CORPORATION; ROL-A-LONG, INC., A CORPORATION; O. L. ROGERS. T/A FREEZ-O, A SOLE PROPRIETORSHIP; I. L. OATES, JR., T/A FREDDIE FREEZE OF CHARLOTTE, A SOLE PROPRIETORSHIP; W. E. COX, T/A COX FROZEN DELIGHT, A SOLE PROPRIETORSHIP; WILFORD R. LOOKADOO, T/A MR. COOL, A SOLE PROPRIETORSHIP; FRENTO BURTON, T/A FRENTO'S ICE CREAM, A SOLE PROPRIETORSHIP; ON BEHALF OF THEMSELVES AND SUCH OTHER PERSONS, FIRMS OR CORPORATIONS AS ARE SIMILARLY AFFECTED BY ARTICLE III, SECTION 13-52 AND SECTION 13-53 OF THE CODE OF THE CITY OF CHARLOTTE, NORTH CAROLINA v. JOHN HORD, CHIEF, CHARLOTTE POLICE DEPARTMENT.

(Filed 25 November, 1964.)

**1. Injunctions § 5;   Municipal Corporations § 34—**

Ordinarily, injunction will not lie to restrain enforcement of an ordinance creating a criminal offense, since a defendant prosecuted thereunder may raise the question of the constitutionality of the ordinance as a defense, and thus has an adequate remedy at law.

**2. Same—**

Companies engaged in the retail sale of ice cream from motor vehicles cruising the streets of a municipality are not entitled to restrain enforcement of a municipal ordinance prohibiting loud and unnecessary noises on the ground that they had been instructed by enforcement agencies to cease the use of any type of bell, musical instrument, or similar device necessary to attract customers to the mobile units, since they have an adequate remedy at law by attacking the constitutionality of the ordinance as applied to them as determined upon particular factual situations in which the bells or musical instruments are used.

**3. Municipal Corporations § 34;     Statutes § 5—**

    A municipal ordinance, as well as a statute, may be valid in part and invalid in part, and its constitutionality may be more satisfactorily determined upon the basis of a particular factual situation rather than upon attack of its constitutionality generally.

APPEAL by plaintiffs from *Pless, J.,* March 23, 1964, Schedule "D" Civil Session of MECKLENBURG.

Civil action to declare invalid and enjoin enforcement of ordinances of the City of Charlotte.

The seven named plaintiffs, and other persons, firms or corporations in whose behalf this class action was instituted, "are engaged in the retail sale and distribution of ice cream and related products from motor vehicles in and about the City of Charlotte," and utilize the public streets in their business. Each has "some type of bell or musical instrument or other device affixed to his or its motor vehicle which is used for the purpose of attracting the attention of the public and of inviting patronage for the advertisement and sale of his or its ice cream and other  related products from his or its motor vehicles."

Plaintiffs set forth in their complaint the ordinance provisions they attack, being all of Section 13-52 and a part of Section 13-53 of Article III of the Code of the City of Charlotte, as follows:

Section 13-52: "LOUD, DISTURBING AND UNNECESSARY NOISES — PROHIBITED. It shall be unlawful for any person to create, assist in creating, permit, continue or permit the continuance of any unreasonably loud, disturbing or unnecessary noise in the city."

Section 13-53: "SAME — ACTS CONSTRUED. The following acts, among others, are declared to be loud, disturbing, annoying and unnecessary noises in violation of this article, but said enumeration shall not be deemed to·be exclusive: . . . (f) SHOUTING, ETC., TO AT-TRACT ATTENTION. To make any noise upon a public street . . . by any kind of crying, calling, or shouting or by means of any whistle, rattle, bell, gong, clapper, horn, hammer, drum, musical instrument, or other device for the purpose of attracting attention or of inviting patronage of any persons to any business whatsoever; or thereby to cause annoyance to persons upon any street or public place or to persons in neighboring premises or otherwise create a public nuisance."

Defendant, as Chief of the Charlotte Police Department, is charged with the responsibility of enforcing the ordinances of the City of Charlotte.

Plaintiffs allege, and defendant denies, that plaintiffs are subject to the provisions of G.S. 105-87 entitled "Motor advertisers," relating to license taxes.

Plaintiffs allege, and defendant denies, that plaintiffs will not be able "to remain in this type of business" if they are unable "to utilize some type of bell, musical instrument or other device to attract attention and to invite patronage by advertising as aforesaid."

Plaintiffs allege, and defendant denies, that plaintiffs have no adequate remedy at law.

Plaintiffs allege, and defendant denies, that the quoted ordinance provisions are invalid because (1) repugnant to G.S. 105-87 and (2) violative of designated provisions of the State and Federal Constitutions.

Defendant admits "that the plaintiffs, and each of them, have been instructed by the agents, servants and employees of the defendant to cease entirely the continued use of any type of bell, musical instrument or other similar device for the purpose of attracting attention and of inviting patronage to their business of selling ice cream and related products under the pains of arrest," and that plaintiffs "have been informed that the defendant, his agents, servants and employees, will make, or cause to be made, arrests of any persons, firms or corporations, which include the plaintiffs herein, for the violation of the aforesaid City ordinances."

A temporary restraining order issued by Judge Froneberger on July 12, 1963, simultaneously with the institution of this action, was, by order of August 21, 1963, signed by Judge Bone, continued in effect until the final hearing.

The cause was before Judge Pless for final hearing. The order entered by Judge Pless, bearing date of March 31, 1964, after reciting that the cause was before him for the purpose of determining whether the order of Judge Bone should be made permanent and after quoting the challenged ordinance provisions, concludes as follows:

"The Court is of the opinion that the determination as to whether or not a noise is unreasonably loud or disturbing is one that would have to be determined by the nature, extent, volume, raucousness or lack of it, of the particular instrument used, and therefore, that to issue an Order preventing the arrest of any of the plaintiffs without regard to the nature of the instrument to be used would be, in effect, to prejudge the question of whether or not the instrument was unreasonably loud or disturbing, and that the only proper way to determine the question would be upon the trial of a person based upon the evidence applicable to that particular case and the instrument used.

"The Court, therefore, is of the opinion that the plaintiffs are not entitled to the relief sought and denies the same; without prejudice to the right of the plaintiffs, and each of them, upon their arrest or indictment to have the matter fully determined based upon the evidence at it may appear in the trial of that prosecution.

"IT IS THEREFORE ORDERED AND DECREED that the temporary Order of Judge Bone be, and the same is hereby vacated and set aside."

Plaintiffs excepted and appealed.

Thereupon, the court, exercising the discretionary power conferred by G.S. 1-500, ordered that the restraining order remain in effect pending disposition of plaintiffs' appeal.

*Wardlow, Knox, Caudle & Wade and Gertzman & Goldfarb for plaintiff appellants.*

*John T. Morrisey, Sr., for defendant appellee.*

BOBBITT, J. The violation of a (valid) municipal ordinance is a misdemeanor. G.S. 14-4; *S. v. Barrett,* 243 N.C. 686, 91 S.E. 2d 917, and cases cited.

Plaintiffs do not allege that they, or any of them, were at any time prosecuted or arrested for alleged violation of said ordinance provisions. Since July 12, 1963, defendant has been restrained from obtaining warrants and making arrests for such violations.

Ordinarily, under a well-established general rule, an injunction will not lie to restrain enforcement of an ordinance creating a criminal offense. If, as plaintiffs allege, the ordinance provisions now challenged are unconstitutional or otherwise invalid, any plaintiff who may be prosecuted for violation thereof will have a complete defense to such criminal prosecution and therefore an adequate remedy at law. Decisions and texts stating the general rule, the reasons therefor and exceptions thereto are collected and set forth in *Walker v. Charlotte,* 262 N.C. 697, 138 S.E. 2d 501. Restatement is unnecessary.

The challenged ordinance provisions do not purport to prohibit the sale by plaintiffs from motor vehicles of ice cream and related products. Compare *Tastee-Freez, Inc. v. Raleigh,* 256 N.C. 208, 123 S.E. 2d 632; also, see *S. v. Byrd,* 259 N.C. 141, 130 S.E. 2d 55. Moreover, plaintiffs may advertise their products and the itineraries and schedules of their mobile units by any and all methods not in conflict with said ordinance provisions.

The challenged ordinance provisions do not refer to plaintiffs' said business or to any business involving the use of public streets for the

sale of products from mobile units. They declare "(i)t shall be unlawful for any person to create, assist in creating, permit, continue or permit the continuance of any unreasonably loud, disturbing or unnecessary noise in the city." As stated by Judge Pless, whether any ordinance provision has been violated and the validity of such provision must be considered in the context of a specific factual situation.

"A statute may be valid in part and invalid in part." 82 C.J.S., Statutes § 92; *Constantian v. Anson County,* 244 N.C. 221, 228, 93 S.E. 2d 163, and cases cited. This applies equally to an ordinance. *Fox v. Commissioners of Durham,* 244 N.C. 497, 501, 94 S.E. 2d 482. Connor, J., reminds us that confusion is caused "by speaking of an act as unconstitutional in a general sense." *St. George v. Hardie,* 147 N.C. 88, 97, 60 S.E. 920.

Whether any provision of the challenged ordinances has been violated must be determined on the basis of the time, place and circumstances on the day and occasion of the alleged violation. In the event of arrest and criminal prosecution for such alleged violation, the accused may defend on the grounds (1) that his conduct did not violate such ordinance provision, and (2) that such ordinance provision, if interpreted as applicable to his conduct, is unconstitutional or otherwise invalid. In such case, the accused has an adequate remedy at law.

Plaintiffs' action is to enjoin enforcement of the ordinance provision in respect of any and all conduct in which any of the several plaintiffs may engage. In the circumstances here considered, such class action does not lie. Here, the said general rule, namely, that injunction will not lie to restrain enforcement of an ordinance creating a criminal offense, applies.

Plaintiffs cite *Speedway, Inc. v. Clayton,* 247 N.C. 528, 101 S.E. 2d 406; *Advertising Co. v. Asheville,* 189 N.C. 737, 128 S.E. 149; *Surplus Store, Inc. v. Hunter,* 257 N.C. 206, 125 S.E. 2d 764; *Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590. In these and similar decisions, statutes or ordinances *prohibiting* otherwise lawful businesses or business transactions were involved. The questions presented were decided in the context of specific factual situations. Suffice to say, we are not disposed to make further exceptions to the well-established general rule stated above. *Walker v. Charlotte, supra; Smith v. Hauser,* 262 N.C. 735, 138 S.E. 2d 505.

The order (judgment) of Judge Pless, which vacated the interlocutory restraining order, is affirmed; and the cause is remanded with direction that judgment dismissing the action be entered.

Affirmed.