HIGH POINT SURPLUS COMPANY, INC. v. ROBERT PLEASANTS, SHERIFF OF WAKE COUNTY, NORTH CAROLINA, W. H. TRENTMAN, CHAIRMAN, AND BILLY K. HOPKINS, JAMES L. JUDD, W. J. BOOTH, SR., VASSAR P. SHEARON, JOE W. BARBER AND SWANNIE D. BRYAN, COMMISSIONERS, BOARD OF COUNTY COMMISSIONERS FOR WAKE COUNTY, NORTH CAROLINA.

(Filed 18 June, 1965.)

**1. Constitutional Law § 4—**

While ordinarily the constitutionality of a criminal statute may not be tested by injunction proceedings, this rule is subject to exception if the enforcement of a statute or ordinance would result in irreparable injury to property or personal rights.

**2. Same; Municipal Corporations § 34—**

The proprietor of a mercantile establishment doing a large percentage of its business on Sunday may maintain an action to enjoin the enforcement of an ordinance prohibiting the sale of merchandise on Sunday.

**3. Counties § 1; Municipal Corporations § 4—**

Neither counties nor municipalities have any inherent powers and have power to enact police regulations only pursuant to statutes delegating to them, respectively, a portion of the State's police power, and therefore the power of counties and the power of municipalities to enact such regulations, being derived from separate statutes, are not the same.

**4. Statutes § 2—**

A statute delegating to counties the power to prohibit the sale of merchandise on Sunday is a statute pertaining to the regulation of trade within the purview of Art. II, § 29, of the State Constitution, notwithstanding that its ultimate purpose is to protect the public welfare rather than the regulation of trade.

**5. Same—**

A statute is either general or local within the purview of Art. II, § 29 of the State Constitution, depending upon whether or not it operates uniformly throughout the State within all areas coming within its purview, and a statute is general notwithstanding its application is limited to areas or subjects coming within classifications therein set out, provided the classifications are reasonable and based on rational difference of situation or condition.

**6. Same; Counties § 3.1; Municipal Corporations § 27— Statute permitting designated counties to enact Sunday ordinances held void.**

G.S. 153-9(55) conferring upon designated counties the power to enact ordinances regulating the sale of merchandise on Sunday in unincorporated areas and in corporated areas within the county when the governing bodies of such incorporated areas agree by resolution to such regulation, but which expressly exempts named counties from its application, *held* unconstitutional as a local statute regulating trade, there being no reasonable distinction germane to the purpose for which Sunday observance laws are designed between the counties included and those excluded so as to form a basis for classification, and the fact that the statute is permissive in that it takes effect only when invoked by action of the county commissioners of an included county does not affect this result, since the validity of the statute must be judged by what is possible under it.

APPEAL by plaintiff from *Carr, J.*, March 1, 1965, Regular Civil Session of WAKE.

This action was instituted on 3 April 1964, as a class action, to permanently enjoin the enforcement by defendants of an ordinance or regulation entitled "Resolution Regulating Sunday Sales of Goods, Wares and Merchandise" adopted by the Board of County Commissioners of Wake County on 2 March 1964.

The resolution was adopted pursuant to the provisions of Chapter 1060 of the Session Laws of 1963, codified as G.S. 153-9(55). It purports to make it unlawful, effective 31 March 1964, "to conduct, operate or engage in or carry on within Wake County on Sunday any business." Certain specified classes or types of business are excluded; amusements, games and sports are permitted after 1:00 P.M. on Sundays. The regulation applies "within the corporate limits and jurisdiction of any incorporated city or town (in Wake County), whose governing body, by resolution, agrees to this ordinance or regulation." The City Council of the City of Raleigh adopted a resolution on 2 March 1964 agreeing to the regulation.

Plaintiff seeks a permanent injunction to prevent the enforcement of the regulation by the Sheriff and County Commissioners of Wake County. Plaintiff complains and alleges in substance that it has and maintains a mercantile business in the City of Raleigh, it sells merchandise on Sunday, the sale of much of its merchandise is prohibited

by the ordinance, its Sunday sales (and such sales of similar businesses) of goods thus prohibited is a substantial "dollar-volume of business," the enforcement of the regulation will cause irreparable injury to plaintiff and those similarly situated and they have no adequate remedy at law, and the ordinance and the statute pursuant to which it was adopted are unconstitutional (specifying).

A temporary restraining order was issued. On 13 April 1964 defendants demurred to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. At the hearing on 17 April 1964, Bickett, J., sustained the demurrer and dismissed the action, but, in his discretion and pursuant to G.S. 1-500, he continued the temporary restraining order until the case could be heard and determined on appeal. The appeal was heard in Supreme Court at the Fall Term 1964, and the opinion, delivered by Parker, J., was filed 29 January 1965. *Surplus Co. v. Pleasants*, 263 N.C. 587, 139 S.E. 2d 892. See that opinion for a more particular recital of the allegations of the original complaint. We affirmed the ruling below sustaining the demurrer, for the reason that the original complaint did not set out the resolutions of the County Commissioners and City Council, matters of which we could not take judicial notice, and for the further reason that the facts alleged in the complaint did not show that plaintiff and those similarly situated were aggrieved by the regulation. We reversed the dismissal of the action, however, because of plaintiff's right to move for leave to amend.

On 22 February 1965 plaintiff moved to amend the complaint and for temporary injunction. Pless, J., heard the motions, issued temporary restraining order, and granted plaintiff leave to amend. Plaintiff filed amendment to the complaint on 1 March 1965, supplying the resolutions and deficiencies noted in our former opinion.

Defendants again demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action, asserting with specificity that the statute, G.S. 153-9 (55), and the resolutions adopted pursuant thereto are valid and constitutional, and that plaintiff may not challenge the constitutionality of the statute in an action to enjoin its enforcement. The demurrer was sustained, but the temporary restraining order was continued (G.S. 1-500) pending the outcome of appeal to the Supreme Court.

*Cannon, Wolfe & Coggin and Broughton & Broughton for plaintiff appellant.*

*Thomas A. Banks for defendants appellees.*

*Smith, Leach, Anderson & Dorsett and C. K. Brown, Jr., for North Carolina Merchants Association, Amicus Curiae.*

MOORE, J. Plaintiff's thesis is that Wake County's Sunday observance ordinance and the statute pursuant to which it was adopted are unconstitutional and the enforcement of the ordinance should be enjoined.

There is a well established rule that the constitutionality of a statute or ordinance purporting to create a criminal offense may not be challenged and tested by suit in equity to enjoin the enforcement of such statute or ordinance, for the reason that the unconstitutionality thereof may be pleaded as complete defense in a prosecution for violation of such statute or ordinance and such defense is ordinarily an adequate remedy at law for one adversely affected. *Walker v. Charlotte,* 262 N.C. 697, 138 S.E. 2d 501; *Smith v. Hauser,* 262 N.C. 735, 138 S.E. 2d 505; *Ice Cream, Inc. v. Hord,* 263 N.C. 43, 138 S.E. 2d 816. But there is an exception to the rule, as well established as the rule itself, that equity jurisdiction will be exercised to enjoin the threatened enforcement of a statute or ordinance which contravenes our Constitution, where it is essential to protect property rights and the rights of persons against injuries otherwise irremediable. *Speedway, Inc. v. Clayton,* 247 N.C. 528, 101 S.E. 2d 406; *Davis v. Charlotte,* 242 N.C. 670, 89 S.E. 2d 406. The facts and circumstances set out in the complaint in the case at bar, all of which are admitted by defendants for the purpose of testing the complaint by demurrer, are sufficient to invoke the equity jurisdiction of the court and to persuade us to consider the constitutionality of the challenged ordinance and statute.

In 1963 the General Assembly enacted a statute — S.L. 1963, C. 1060, §§ 1, 1½, codified as G.S. 153-9(55) — providing:

> "The boards of commissioners of the several counties have power: . . . (55) In that portion of the county, or any township of the county, lying outside the limits of any incorporated city or town, . . . to define, prohibit, abate, or suppress all things detrimental to the health, morals, comfort, safety, convenience and welfare of the people including but not limited to the regulation and prohibition of the sale of goods, wares and merchandise on Sunday . . .: Provided, that the board of county commissioners may make such regulations applicable within the limits of any incorporated city or town, or within the jurisdiction of any incorporated city or town, whose governing body, by resolution, agrees to such regulation, and during such time as the governing body continues to agree to such regulation.

> "This subdivision shall not apply to the following counties: Alamance, Alexander, Alleghany, Anson, Ashe, Avery, Cabarrus, Caldwell, Carteret, Catawba, Chatham, Cherokee, Clay, Craven,

Dare, Duplin, Gaston, Graham, Halifax, Harnett, Hoke, Jackson, Johnston, Jones, Lee, Lenoir, Macon, Madison, Onslow, Pamlico, Pasquotank, Pender, Pitt, Polk, Randolph, Richmond, Rowan, Rutherford, Scotland, Stokes, Surry, Swain, Transylvania, Warren, Watauga, Wilkes, Wilson and Yancey." (48 in number).

On 6 January 1964 the board of county commissioners of Wake County, declaring "that there exists a clear and present need to restrict the carrying on of business activities on Sunday . . . in the furtherance of the general welfare and in order to provide for the due observance of Sunday as a day of rest and to protect and promote the public health, general welfare, safety and morals of the citizens," ordained that, effective 31 March 1964, "it is prohibited and unlawful to conduct, operate or engage in or carry on within Wake County on Sunday any business except" (specified businesses and activities), and that this regulation "shall apply within the corporate limits and jurisdiction of any incorporated city or town, whose governing body, by resolution, agrees to this ordinance and regulation." On 2 March 1964 the City Council of the City of Raleigh adopted a resolution agreeing to the regulation.

Plaintiff's mercantile establishment is located within the limits and jurisdiction of the City of Raleigh. It has regularly conducted its business on Sunday. Sunday sales of most of its merchandise are prohibited by the ordinance.

It will be observed that the ordinance regulating and restricting plaintiff's business is not an ordinance initiated and promulgated by the City of Raleigh pursuant to its own power and authority; it is an ordinance adopted by the County of Wake pursuant to the statute above set out. The distinction is vital and important. The power and authority of municipalities and of counties to legislate and make ordinances and regulations are not derived from the same statutes and laws — a fact which apparently is not generally understood, or is overlooked. Neither counties nor municipalities have any inherent legislative powers. Counties are instrumentalities and agencies of the State government and are subject to its legislative control; they possess only such powers and delegated authority as the General Assembly may deem fit to confer upon them. *Ramsey v. Comrs. of Cleveland,* 246 N.C. 647, 100 S.E. 2d 55; *Martin v. Comrs. of Wake,* 208 N.C. 354, 180 S.E. 777. A municipal corporation is a creature of the General Assembly, has no inherent powers, and can exercise only such powers as are expressly conferred by the General Assembly and such as are necessarily implied by those expressly given. *State v. McGee,* 237 N.C. 633, 75 S.E. 2d 783. The General Assembly, exercising the police power of the

State, may legislate for the protection of the public health, safety, morals and general welfare of the people. *State v. Chestnutt,* 241 N.C. 401, 85 S.E. 2d 297. Historically, the General Assembly has more readily and frequently delegated police power and the authority to make regulations for the implementation thereof to cities and towns than to counties — due undoubtedly to the greater necessity in the past for regulations for the promotion and preservation of health, safety, public peace and morals in crowded urban areas than in rural communities. Sunday observance statutes and ordinances derive their validity from the State's police power, the power to provide for the general welfare. *State v. Chestnutt, supra.*

The General Assembly, by G.S. 160-52 and G.S. 160-200(6), (7) and (10), has delegated to municipalities the power and authority to enact ordinances requiring the observance of Sunday. These are general statutes, conferring authority upon all cities and towns within the State, without exception. G.S. 160-199. Municipal ordinances regulating the observance of Sunday, made pursuant to the foregoing statutes, have been upheld by this Court where the classifications of those affected are based upon reasonable distinctions, the ordinance affects alike all persons similarly situated, and the provisions of the ordinance has some reasonable relation to the public peace, welfare and safety. *Charles Stores v. Tucker,* 263 N.C. 710, 140 S.E. 2d 370; *Clark's Charlotte, Inc. v. Hunter,* 261 N.C. 222, 134 S.E. 2d 364; *Davis v. Charlotte, supra; State v. McGee, supra; State v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198.

The Wake County ordinance in question was adopted pursuant to G.S. 153-9(55), set out above, purporting to confer upon county commissioners power and authority to enact Sunday observance laws. Plaintiff contends that it is a local statute, contravenes Article II, section 29, of the Constitution of North Carolina, and is therefore void. We agree.

Article II, section 29 of the Constitution provides in pertinent part:

> "The General Assembly shall not pass any local, private or special act or resolution . . . regulating labor, trade, mining or manufacturing. . . . Any local, private or special act or resolution passed in violation of the provisions of this section shall be void. The General Assembly shall have power to pass general laws regulating matters set out in this section."

An act which restricts or regulates the operation, engaging in or carrying on of business, or prohibits the sale of merchandise on Sunday *regulates trade. Treasure City, Inc. v. Clark,* 261 N.C. 130, 133, 134 S.E. 2d 97. Trade within the meaning of Article II, section 29 of our Constitution is a business venture for profit and includes any em-

ployment or business embarked in for gain or profit. *Speedway, Inc. v. Clayton, supra; State v. Dixon,* 215 N.C. 161, 1 S.E. 2d 521. We do not agree with defendants' contention that the nature of a statute is determined entirely by the ultimate results and effects it is designed to achieve in the promotion of the many facets of the public welfare; its characterization is more specifically and positively designated by what it actually does, the means it employs, the area in which it directly operates, the acts it seeks to prohibit.

Article II, section 29 of our Constitution was adopted by a vote of the people in 1917. During each of the four sessions of the General Assembly, next preceding the adoption of the said 1917 amendment to the Constitution, more than 80% of the laws passed were local, private and special. It was the purpose of the amendment to free the General Assembly from the enormous amount of petty detail which had been occupying its attention, to enable it to devote more time and attention to general legislation of statewide interest and concern, to strengthen local self-government by providing for the delegation of local matters by *general laws* to local authorities, and to require uniform and coordinated action under general laws on matters related to the welfare of the whole State. The amendment removed some sixteen or more subjects from the field of local, private and special legislation — among them, regulation of trade. *McIntyre v. Clarkson,* 254 N.C. 510, 119 S.E. 2d 888; *Board of Health v. Comrs. of Nash,* 220 N.C. 140, 16 S.E. 2d 677. It is the fundamental law of the State and may not be ignored.

A statute is either "general" or "local"; there is no middle ground. If G.S. 153-9 (55) is "local," it is *void* by the express provisions of Article II, section 29 of the Constitution. We have set out and fully discussed in *McIntyre v. Clarkson, supra,* the definitions, principles and guides for determining whether a statute is general or local. Applying these, we conclude that G.S. 153-9 (55) is a local statute. It excepts 48 counties from its operation; it is applicable in only 52 counties. However, the number of counties included or excluded is not necessarily determinative. Conceivably, a statute may be local if it excludes only one county. On the other hand, it may be general if it includes only one or a few counties. It is a matter of classification. For the purposes of legislating, the General Assembly may and does classify conditions, persons, places and things, and classification does not render a statute "local" if the classification is reasonable and based on rational difference of situation or condition; " 'universality is immaterial so long as those affected are reasonably different from those excluded and for the purpose of the statute there is a logical basis for treating them in a different manner.' " A law is local, " 'where, by force of an inherent limitation, it arbitrarily separates some places from others upon which,

but for such limitation, it would operate, and where it embraces less than the entire class of places to which such legislation would be necessary or appropriate having regard to the purpose for which the legislation was designed, and where classification does not rest on circumstances distinguishing the places included from those excluded.' " On the other hand, a law is general " 'if it applies to and operates uniformly on all the members of any class of persons, places or things requiring legislation peculiar to itself in matters covered by the law.' . . . Classification must be reasonable and germane to the law. It must be based on a reasonable and tangible distinction and operate the same on all parts of the State under the same conditions and circumstances. Classification must not be discriminatory, arbitrary or capricious." *McIntyre v. Clarkson, supra.*

Neither the statute itself nor the appellees in the instant case suggest any reasonable distinction, germane to the purpose for which the Sunday observance law was designed, between the counties included and those excluded, forming a basis for classification. There is nothing of which we may take judicial notice which indicates that a Sunday observance law is more necessary or appropriate for the welfare of Wake County than for the welfare of Alamance, Catawba, Gaston or Wilson (excluded counties). The counties included and those excluded are similarly distributed geographically from the mountains to the coast. For each county included there is one or more excluded counties comparable in location, geography, population, activity, trade, industry and social structure. It is clear that the General Assembly did not intend that the statute have uniform statewide application to all similarly situated and conditioned in relation to the purposes of the law.

The present case is indistinguishable in principle from *Treasure City, Inc. v. Clark, supra.* That case deals with the constitutionality of a Sunday observance law, G.S. 14-346.2, from the operation of which there were excluded 25 counties, 4 townships, and parts of three counties. The statute was held to be regulatory of trade, local in nature by reason of failure of rational classification, and void. Appellees attempt to distinguish *Treasure City* on the ground that the statute involved was mandatory whereas G.S. 153-9(55) is permissive and takes effect only when invoked by action of the county commissioners of an included county. This argument is not valid. *McIntyre v. Clarkson, supra,* struck down a permissive statute for want of proper classification. A statute's validity must be judged not by what has actually been done under it but by what is possible under it. *State v. Williams,* 253 N.C. 337, 347, 117 S.E. 2d 444.

The judgment below is
Reversed.