CABARRUS COUNTY v. CITY OF CHARLOTTE

No. 8319SC1327

(Filed 6 November 1984)

**Counties § 2.1; Municipal Corporations §§ 4.1, 23.3— city landfill in another county — fee schedule — county ordinance invalid**

    The City of Charlotte acted within its power when it established and operated a sanitary landfill in Cabarrus County and imposed a schedule of fees to be paid by all users of the landfill. A Cabarrus County ordinance prohibiting the charging of fees to Cabarrus County residents and franchise haulers for the use of any sanitary landfill in Cabarrus County did not apply to the City of Charlotte since the City was not a licensee or franchisee of Cabarrus County; furthermore, the ordinance was improper because it based fees upon residence rather than kind and degree of service as required by G.S. 160A-314. G.S. 153-136(a)(1) and (4); G.S. 153A-152; G.S. 160A-312; G.S. 160A-314.

APPEAL by plaintiff from *Helms, Judge.* Judgment entered 30 September 1983 in Superior Court, CABARRUS County. Heard in the Court of Appeals 27 September 1984.

    This is a civil action wherein plaintiff Cabarrus County filed a complaint and motion for preliminary injunction on 22 March 1983 seeking to prevent defendant City of Charlotte from charging fees to Cabarrus County residents and franchise haulers to use a landfill operated by defendant in Cabarrus County. On 29 April 1983 the court denied plaintiff's motion for preliminary injunction. On 30 September 1983 the court granted a motion made by defendant for summary judgment thereby dismissing the action. From the entry of summary judgment, plaintiff appealed.

    *Williams, Boger, Grady, Davis and Tuttle, by John R. Boger, Jr., for plaintiff appellant.*

    *City of Charlotte, by Assistant City Attorney David M. Smith, for defendant appellee.*

HILL, Judge.

    Defendant and Charlotte Motor Speedway, Inc., entered into a contract dated 13 June 1977 which authorized defendant to operate a sanitary landfill on property owned by Charlotte Motor Speedway, Inc., in Cabarrus County. Defendant operated the landfill in Cabarrus County without charging fees to users until Feb-

ruary 1983. In February 1983, defendant notified plaintiff that it would charge user fees at the landfill in Cabarrus County at the same rate as user fees charged at landfills operated in Mecklenburg County. The landfill fee schedule as set out in City of Charlotte Code Section 10-24 provides that fees would apply to all landfills operated by the City. Charlotte City Code Section 10-24(a)(1) provides that there will be no charge if the vehicle is loaded with household garbage or trash for any auto, van, half ton or less; pickup trucks, half ton or less; trailers, less than ten feet, single-axle, no dual wheels, but other vehicles must pay a fee according to the kind or size of vehicle entering the landfill to discharge solid waste.

In response on 7 March 1983 the Board of Commissioners of Cabarrus County amended Section X of the Cabarrus County Solid Waste Ordinance, effective upon adoption to provide:

No fees may be charged residents of Cabarrus County or franchise haulers by the owners or operators, or either of them, of any sanitary landfill located within Cabarrus County.

Despite plaintiff's amended ordinance, defendant continued to enforce its landfill fee schedule and required Cabarrus County residents and franchisees to pay for using the landfill.

Plaintiff assigns as error the court's granting of summary judgment for defendant. They argue that though there is no controversy as to the facts in the case, the law does not support the court's judgment. Defendant asserts that summary judgment was proper because the City has the power to operate a public enterprise located in Cabarrus County and to regulate the fees charged to all users, free from any overriding power of the County to regulate fees.

G.S. 1A-1, Rule 56(c) permits the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." We find that the court properly granted summary judgment to the defendant.

Cities derive their corporate powers from the State, *Greene v. City of Winston-Salem*, 287 N.C. 66, 213 S.E. 2d 231 (1975), and

possess and can exercise only such power as is conferred upon them by the State and no other. *Surplus Co. v. Pleasants, Sheriff,* 264 N.C. 650, 142 S.E. 2d 697 (1965). G.S. § 160A-312 grants cities the specific power to establish and operate a public enterprise, such as a landfill for the disposal of solid waste, even if that public enterprise is outside the city's corporate limits. A city has full authority to establish rules and regulations for any public enterprise it operates. The State has granted cities authority to fix and enforce rates in keeping with the standards established in G.S. § 160A-314. Therefore, it is clear that the City of Charlotte acted within its power when it established and operated the landfill in Cabarrus County and imposed a schedule of fees to be paid by all users.

The question remains whether plaintiff had an overriding power to enforce its amended solid waste ordinance on the landfill operated by the City of Charlotte because that landfill was located within the boundaries of Cabarrus County. As with cities, the State grants power to counties to legislate. The State has empowered counties to regulate the disposition of solid wastes within its boundaries. G.S. § 153A-136(a). A county may set standards for solid waste disposition by "regulat[ing] the activities of persons, firms and corporations, both public and private." G.S. § 153A-136(a)(1). But a county may regulate only those fees that are charged by licensees or franchisees. G.S. § 153A-136(a)(4). One becomes a licensee through the payment of a privilege license tax. A county may levy privilege license taxes only to the extent authorized in N.C. Gen. Stat. Chapters 105 and 153A. G.S. § 153A-152. N.C. Gen. Stat. Chapters 105 and 153A do not authorize a county to charge a license privilege tax to a public enterprise of a municipality. In the absence of a specific grant of power allowing a county to license the public enterprise of a municipality, a county would be unable to require a city to become a licensee. Here it is clear the City of Charlotte is neither a licensee, nor could it be compelled to become a licensee, nor is it a franchisee of plaintiff. Therefore, the plaintiff is without power to impose its own fee schedule on defendant for the landfill located in Cabarrus County.

Further, any powers which a county possesses must be exercised in conformity with the laws of the State. G.S. § 153A-11. Local ordinances cannot override statutes applicable to the entire

State. *Staley v. Winston-Salem*, 258 N.C. 244, 128 S.E. 2d 604 (1962). The ordinance as enacted by the plaintiff would if imposed upon the City, violate the directive of the General Statutes that requires cities to schedule fees according to classes of service. G.S. § 160A-314(a). It is a fundamental principle that a public utility, whether publicly or privately owned, may not discriminate in the distribution of services or the establishment of rates. *Dale v. Morganton*, 270 N.C. 567, 155 S.E. 2d 136 (1967). There must be substantial differences in service or conditions to justify differences in rates. There must be no unreasonable discrimination between those receiving the same kind and degree of service. *Utilities Com. v. Mead Corp.*, 238 N.C. 451, 78 S.E. 2d 290 (1953). Here the ordinance enacted by Cabarrus County would require the City of Charlotte to charge rates based upon residence rather than kind and degree of service as required by G.S. § 160A-314. Therefore, the ordinance as written was improper because it based fees upon the wrong criteria in contravention of G.S. § 160A-314.

Finally, defendant argues that the 7 March 1983 ordinance violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the "law of the land" clause in Article I, Section 19 of the Constitution of North Carolina. We need not address this contention because we have established that there are sound statutory grounds to decide whether or not the County could enforce its ordinance against the City.

We hold summary judgment for defendant was appropriate. The judgment of the trial court is affirmed.

Affirmed.

Judges ARNOLD and WELLS concur.