REVEREND JAMES R. WALKER, JR. v. CITY OF CHARLOTTE AND
WILLIAM H. JAMISON, SUPERINTENDENT OF BUILDING INSPECTION OF
THE CITY OF CHARLOTTE

No. 53

(Filed 6 January 1970)

**1. Constitutional Law § 11—   private property rights v. public interest**

As between a citizen and the public, the citizen's private property rights must be subordinated to such reasonable regulation as the overriding public interest requires.

**2. Constitutional Law § 13—   minimum standards for buildings**

For the purpose of protecting life, health, safety and welfare, the General Assembly has power to promulgate rules, fix minimum standards, prescribe materials and designs for buildings and other structures so long as they are not arbitrary, capricious or unreasonable and so long as they tend to promote health, safety and welfare.

**3. Constitutional Law § 13;   Municipal Corporations § 37—   condemnation of unsafe buildings — constitutionality**

The statute, G.S. 160-151, authorizing municipalities to condemn unsafe buildings, provisions of the Charlotte Building Code authorizing city authorities to inspect buildings for the purpose of ascertaining whether safety standards are being observed and to order correction or removal of structures found to be unsafe, and provisions of the Charlotte City Code authorizing the authorities to correct or remove unsafe buildings *are held* constitutional as applied to the owner of a building who stipulated that he was in violation of an order to remove the building and that he intended to remain in violation of such order.

APPEAL by plaintiff from *Ervin, J.,* April, 1969 Schedule C Session, MECKLENBURG Superior Court.

Upon proper petition, at the request of both parties, and because of the constitutional and procedural questions involved, this Court ordered the appeal docketed here without prior review by the North Carolina Court of Appeals.

At the trial, a jury was waived. The parties entered into the following stipulation of facts:

"Plaintiff, acting as his own counsel, and Henry W. Underhill, Jr., Counsel of Record for the defendants, being of the opinion that the resolution of this controversy depends upon questions of law and having heretofore waived a jury trial in the cause and consented that the court may hear and resolve said matters upon an agreed STATEMENT OF FACTS, stipulate and agree as follows:

1. That the plaintiff is the owner of a wood frame dwelling house located on the corner of West Summit Avenue and South Church Street in the City of Charlotte and that said dwelling is listed as 1449 South Church Street and was used by the plaintiff in connection with his business as a Minister and as an attorney at law.

2. That plaintiff's dwelling, from time to time prior to the present controversy, had been the subject of repairs which were authorized by the City of Charlotte through the issuing of building permits, the last of which was issued in November of 1959 for the re-roofing of the entire dwelling.

3. That the defendants, by letter and Order dated March 24, 1964, ordered plaintiff to remove his dwelling within 30 days from the date of the letter and order as the same is set forth in Paragraph IV of the complaint. That defendants order was issued after proper administrative procedure as set forth by the North Carolina General Statutes and by the Code of the City of Charlotte had been followed. That defendants' order was issued along with notice to plaintiff that plaintiff's building had been found to be unsafe pursuant to Sections 5-6(e) of the Charlotte Building Code; further, these Code provisions set forth a procedure for notice, opportunity to be heard and the right to appeal from decisions of the Superintendent.

4. That the order to remove said dwelling as aforesaid was based upon an inspection of plaintiff's premises, and was issued

after administrative procedures specified and set forth in the Charlotte Building Code had been followed by defendants as set forth in the letter and Order dated March 24th, 1964.

5.  That no warrant for entry and inspection of the plaintiff's dwelling was had or secured by the defendants and no search warrant is required by law and is set forth in Paragraph 5 of the Further Answer and Defense of the defendants. That plaintiff was present at the time this building was inspected on June 23rd, 1964, and plaintiff, at no time, prohibited defendants from entering and inspecting his building.

6.  That by June 23, 1964, plaintiff had made extensive repairs to his dwelling, including the replacement of windows, doors and siding on the house and that plaintiff was tried and convicted for making repairs without a permit as is set forth in Paragraph IX of the complaint.

7.  That the action of the defendants in condemning and ordering plaintiff's dwelling removed after inspection was authorized and done pursuant to authority of law, to wit: G.S. 160-151, Charlotte City Charter, Section 6.61 and 6.162 and the Building Code of the City of Charlotte, Section 5-6(e) as the same are set forth in Paragraph III (a), (b) and (c) of the complaint.

8.  That plaintiff is in violation of the Order of March 24, 1964, and intends to remain in violation of the same for reasons set forth in Paragraph XI of the complaint and other paragraphs of the complaint."

At the conclusion of the hearing, Judge Ervin entered judgment:

"2.  The Constitutions of the United States and the State of North Carolina protect property owners from unreasonable invasions of their right to privacy, and against public entry of government agents, unless such entry is pursuant to a valid warrant or unless entry to the property is permitted.

3.  The Constitution of North Carolina prohibits municipal investigating agents and officials from exercising unbridled discretion in making standards and formulating rules concerning building safety, and such officials may act only pursuant to reasonable statutory limitations or guidelines as set forth in municipal ordinances.

4.  The acts in question set forth reasonable standards.

5. Property owners are guaranteed a right to procedural due process by the Constitutions of the United States and the State of North Carolina. Sections 5-6 and 5-7 of the Charlotte City Code establishes procedures conforming to administrative due processes and comply with the Constitutions of North Carolina and the United States.

6. The issuance of building permits and the control of building repairs are generally valid exercises of police power, and a municipality may promulgate ordinances to secure the health and safety within its limits even though statutory authority for such ordinances be general in nature.

7. It is therefore, the conclusion of this court that North Carolina General Statute 160-151, Charlotte Charter provisions under sections 6.61 and 6.162, and Charlotte Code provisions 5-6 and 5-7, set forth reasonable procedures for the exercise of police power, and do not violate the Constitutions of North Carolina and the United States, and that the City of Charlotte, pursuant to said provisions, has acted in a valid and constitutional manner.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that North Carolina General Statute 160-151, Sections 6.61 and 6.162 of the Charlotte City Charter, and Sections 5-6 and 5-7 of the Charlotte City Code are valid and constitutional; and a temporary restraining order presently in effect against defendants' removal or demolition of plaintiff's dwelling house located at 1449 South Church Street in the City of Charlotte, be and is hereby dissolved."

The petitioner appealed.

*James R. Walker, Jr., Samuel S. Mitchell, for the plaintiff.*

*W. A. Watts for the defendants.*

HIGGINS, J.

The plaintiff in this action seeks to have the court declare unconstitutional as applied to him: (1) the provisions of G.S. 160-151; (2) the Charlotte Building Code, which provides for the inspection of buildings for the purpose of ascertaining whether the standards of safety set up in the Code are being observed and to order correction or removal of structures found to be unsafe; (3) that part of the City Code which authorizes the authorities to correct or remove unsafe buildings or parts thereof in the City which are ascer-

tained to be dangerous to health, safety, lives of the occupants, the general public, or persons passing or living in the vicinity, or dangerous to the security of adjoining property, or especially dangerous to the lives of fire fighters in case of fire.

The plaintiff's first attack on the safety regulations was made by suit in the Superior Court of Mecklenburg County instituted July 23, 1964. From a holding adverse to the plaintiff, he appealed to this Court. The opinion is reported in 262 N.C. 697, 138 S.E. 2d 501, affirming the decision of the Superior Court.

Later, a criminal proceeding against Walker was originated by warrant in the Recorder's Court of the City of Charlotte. The warrant charged the unlawful and wilful violation of the City Code by attempting to make repairs without obtaining a permit from the Building Inspector, in violation of the City Code, and made criminal by G.S. 14-4. At the trial, the defendant moved to quash the warrant and dismiss the prosecution upon the ground the statutes and the Code provisions under which the warrant was drawn violated Article I, Sec. 1, 8, 15 and 34, Constitution of North Carolina and the Fourth and Fourteenth Amendments to the Constitution of the United States.

The Recorder overruled the motion to quash, heard the evidence offered by the prosecution, consisting of the City Code, testimony as to the dilapidated condition of the defendant's residence, the finding it was unfit for habitation, was beyond reasonable repair, and that the defects could not be remedied so as to meet the minimum standards of the Charlotte Housing Code. The Superintendent of Building Inspection, upon the findings, directed the building be demolished or removed. The defendant undertook to do repair work himself without applying for or receiving any permit. The defendant did not testify. The Recorder entered a verdict of guilty. From the judgment, he appealed to the Superior Court of Mecklenburg County.

In the Superior Court the State repeated the evidence offered and the defendant repeated the motions made before the Recorder. The jury returned a verdict of guilty. Judge McLean imposed a sentence of 30 days, suspended on the condition the defendant comply with the City Building and Housing Code and pay costs.

On appeal, this Court held:

"It is within the police power of the General Assembly and of a city, when authorized, to establish minimum standards, materials, designs, and construction of buildings for the safety of the occupants, their neighbors, and the public at large. G.S.

143-138; *Drum v. Bisaner*, 252 N.C. 305, 113 S.E. 2d 560; *Lutz Industries v. Dixie Home Stores*, 242 N.C. 332, 88 S.E. 2d 333. The authority to make and to enforce appropriate safety regulations in the public interest arises under the police power. In case of conflicting interests the public good is and must be paramount.

The Charlotte ordinance and the Legislative enactments involved in this case are not shown to be violative either of the Constitution of North Carolina or of the United States. In the trial and judgment below, we find

No Error."

Subsequent to the above decision of this Court, the defendant, James R. Walker, petitioned the District Court of the United States for a writ of habeas corpus by which he challenged his conviction upon the ground the section of the City Code under which he was convicted is unconstitutional and in violation of his vested right to possess, use and maintain his own private property and that any warrant or arrest or verdict or judgment entered against him violates these rights under the Fourteenth Amendment to the Constitution of the United States.

On August 3, 1966, after hearing, the United States District Court for the Western District of North Carolina (Craven, J) held:

"The ordinances and statutes in question here are neither unreasonable nor arbitrary and, therefore, are not repugnant to the federal Constitution. It is not unconstitutional for a municipality to take upon itself a duty to see that repairs to buildings within its domain will be made in such manner as will prevent fire and structural hazards. This duty it is bound to exercise to protect the safety and health of the general public. To require a permit in order to implement such reasonable supervision is not in violation of any provision of the Constitution of the United States.

Petitioner has failed to show a violation of any of his federal constitutional rights, and, for this reason, his petition will be, and hereby is, dismissed."

The decision of the District Court on Walker's appeal was reviewed by the United States Court of Appeals for the Fourth Circuit. In a per curiam opinion, that Court held:

". . . The repair and remodeling work undertaken by Walker was both major and extensive, and within the reasonable reach of the code. For the reasons stated in the opinion of the District

Court, we find no unconstitutional infirmity in the Building Code as applied in this case. Affirmed."

Walker's petition for certiorari was denied by the Supreme Court of the United States. 388 U.S. 917, 18 L. Ed. 2d 1360.

[1, 2] As between the citizen and the public, the citizen's private property rights must be subordinated to such reasonable regulation as the over-riding public interest requires. For the purpose of protecting life, health, safety and welfare, the General Assembly has power to promulgate rules, fix minimum standards, prescribe materials and designs for buildings and other structures so long as they are not arbitrary, capricious or unreasonable and so long as they tend to promote health, safety and welfare. In these matters, property rights must yield to the proper exercise of the police power. Strong's N. C. Index, 2d Ed., Vol. 2, Sec. 11, "Police Power", p. 203, et seq.

[3] The plaintiff has stipulated that he is in violation of the inspector's order of March 24, 1964 and intends to remain in violation. Upon the authorities cited, and for the reasons assigned, the judgment entered in the Superior Court of Mecklenburg County is

Affirmed.